[No. 2548–2.   Division Two.   May 3, 1977.]

WALLACE L. EXUM, *Respondent,* v. VANTAGE
PRESS, INC., *Petitioner.*

*Stephen A. Cohen* and *Breskin, Rosenblume & Robbins,* for petitioner.

*Andy Weiner* and *Richard M. Barney, Jr.,* for respondent.

PETRIE, C.J.—Plaintiff, a resident of Washington who wrote a book, sued defendant, a book publishing company which had agreed to publish his book, by filing a complaint for rescission of contract, money damages, and unfair and deceptive trade practices in the Superior Court for Jefferson County, Washington. Defendant appeared specially, solely for the purpose of challenging the jurisdiction

of the courts of this state on the grounds that paragraph 20 of the contract between the two parties provides that New York shall be the forum for resolving disputes pertaining to the contract.

The trial court denied defendant's motion to dismiss the complaint. We granted defendant's petition for discretionary review in order to assess the issues presented.

Paragraph 20 of the parties' contract provides:

Regardless of the place of physical execution of this agreement, or of its delivery, it shall be treated as though executed within the State of New York and shall be governed and interpreted according to the laws of that State; *and the legal tribunals of the State of New York shall be the sole forum* for resolving any questions or disputes on matters arising out of or pertaining to this contract.

(Italics ours.)

■ Choice of forum contract clauses ordinarily cannot oust a state of jurisdiction to resolve a dispute properly presented to it, "but such an agreement will be given effect unless it is unfair or unreasonable." Restatement (Second) of Conflict of Laws § 80, at 244 (1971). *See Mangham v. Gold Seal Chinchillas, Inc.,* 69 Wn.2d 37, 416 P.2d 680 (1966). The comment to section 80 of the Restatement declares at page 244:

Such a provision, however, will be disregarded if it is the result of overreaching or of the unfair use of unequal bargaining power or if the forum chosen by the parties would be a seriously inconvenient one for the trial of the particular action. On the other hand, the provision will be given effect, and the action dismissed, if to do so would be fair and reasonable.

In the case at bench, absent paragraph 20, the courts of the State of Washington would have jurisdiction to resolve disputes pertaining to the contract. The plaintiff resides in Washington, the contract was executed here, and the record reflects that defendant's sales distribution plan embraces sufficient contacts with the State of Washington such that defendant was "doing business" in this state. *See Crose v. Volkswagenwerk,* 88 Wn.2d 50, 558 P.2d 764 (1977); *Tyee*

*Constr. Co. v. Dulien Steel Prods., Inc.,* 62 Wn.2d 106, 381 P.2d 245 (1963).

Thus, the thrust of defendant's motion to dismiss was a request that the trial court exercise its discretion to give effect to the contractual provision and decline jurisdiction. Accordingly, the real issue is whether or not the trial court properly exercised that discretion.

Although the court made no formal findings (none were required) the court's memorandum opinion concludes with a statement, amply substantiated by the record, as follows:

> In the instant case all contacts were made in Washington, partial performance was to be within the state, all the plaintiff's witnesses reside within the State of Washington, Defendant's Vice President who solicited Plaintiff resides in California so the court has concluded it would be unjust, inequitable and unreasonable to require Plaintiff and all the witnesses to travel to New York State to litigate the case.

We hold that a trial court, faced with a motion to decline jurisdiction pursuant to a choice of forum clause which contractually provides jurisdiction will lie in another state, may refuse to decline jurisdiction when it concludes that the forum contractually chosen by the parties would be a seriously inconvenient one for one of the parties to the particular action. In that event, the contractual provision selecting another jurisdiction will be deemed unfair and unreasonable.

Judgment is affirmed, and this cause is remanded to the trial court for further proceedings not inconsistent herewith.

PEARSON and REED, JJ., concur.