## JAMES v MIDLAND COUNTY AGRICULTURAL AND HORTICULTURAL SOCIETY

Docket No. 50453. Submitted December 10, 1980, at Lansing.—Decided June 4, 1981.

In 1976, Bert James, a Canadian horse racer, entered a horse in a race for 3-year-old horses sponsored by the Midland County Agricultural and Horticultural Society (MCAHS). The race was to be held at the 1979 Midland County Fair. In 1978, MCAHS decided that it would also hold a race for 2-year-old horses at the 1978 Midland County Fair. Letters announcing the 1978 race were sent to the owners of horses entered in the 1979 race. The letters stated that a $40 qualifying payment had to be received by May 15, 1978, in order to register a horse for the 1978 race. James claims that he never received a letter and that he first learned of the 1978 race after May 15, 1978. He further claims that it was his belief that entry in the 1979 race would automatically qualify his horse for entry in the 1978 race. He sent his horse to the Midland County track approximately one week before the 1978 race so that the horse could train. Upon learning that his horse was not qualified to run in the 1978 race, James filed suit against Charles F. Kline, the racing secretary of the Midland County Fair, in Midland Circuit Court seeking an injunction requiring the fair to allow his horse to run in the 1978 race. The injunction was denied, Tyrone Gillespie, J., and the race was run without plaintiff's horse. Plaintiff then filed suit against Donald Zondlak, chairman of MCAHS, Charles F. Kline, racing secretary for the fair, and the United States Trotting Association (USTA), a national association of horse racers under whose authority the race was conducted, in Midland Circuit Court, seeking damages. The court granted accelerated judgment in favor of Kline and summary judgment in favor of Zondlak, Tyrone Gillespie, J. Plaintiff was allowed to amend his complaint to name MCAHS and USTA as defendants, claiming that they had failed to

REFERENCES FOR POINTS IN HEADNOTES
[1] [No references]
[2] 36 Am Jur 2d, Fraternal Orders and Benefit Societies §§ 50-53.
[3] 36 Am Jur 2d, Fraternal Orders and Benefit Societies § 54.

publish the fee requirement for the 1978 race. During this same time, the USTA board of review, after conducting its own investigation, concluded that proper notice had been given and that plaintiff's horse had not been wrongfully denied a position in the race. Defendants thereupon moved for accelerated judgment, which was granted, Tyrone Gillespie, J. Plaintiff appeals. *Held:*

1. Under the governing provisions of the USTA, all actions against the USTA must be brought in the federal or state courts of Ohio, the location of the principal office of the USTA. Based upon this provision and the Michigan forum-selection statute, the trial court held that it did not have jurisdiction over the instant suit. Lack of jurisdiction is a proper reason for granting accelerated judgment. Plaintiff's suit against USTA should have been brought in Ohio.

2. The USTA rules provide that all disputes and controversies arising out of the entry of a horse in a USTA sanctioned race will be submitted to the USTA, whose judgment on such matters will be final. In the absence of fraud or oppression, decisions of tribunals of a fraternal order or association are conclusive in matters of discipline and internal policy. Plaintiff's suit against MCAHS alleges failure to follow USTA rules, therefore, it is the association and not the courts who should decide this matter. The trial court properly granted accelerated judgment in favor of MCAHS.

Affirmed.

1. JUDGMENTS — ACCELERATED JUDGMENTS — JURISDICTION — COURT RULES.

Lack of jurisdiction is a proper reason for granting accelerated judgment (GCR 1963, 116).

2. SUBMISSION OF CONTROVERSY — ORGANIZATION RULES.

The existence of an organization rule requiring submission of intra-organizational disputes to internal resolution procedures does not violate the law.

3. ASSOCIATIONS — DISCIPLINE AND INTERNAL POLICY — DECISIONS OF TRIBUNALS.

The decisions of tribunals of a fraternal order or association are conclusive in matters of discipline and internal policy in the absence of fraud or oppression.

*Currie, Kendall, Keith, Larkin, Pommerville & Merrill, P.C.,* for plaintiff.

*Joel H. Kahn,* for defendant Midland County Agricultural and Horticultural Society.

*Smith & Brooker, P.C.,* for defendant United States Trotting Association.

Before: T. M. BURNS, P.J., and ALLEN and D. F. WALSH, JJ.

T. M. BURNS, P.J. Plaintiff appeals as of right a February 11, 1980, lower court order granting accelerated judgment in favor of defendants Midland County Agricultural and Horticultural Society (MCAHS) and the United States Trotting Association (USTA). We affirm.

Plaintiff is a Canadian horse racer. Defendants are the Midland County Agricultural and Horticultural Society, an organization that runs the Midland County Fair, and the United States Trotting Association, a national association of horse racers under whose authority horse racing is conducted at the Midland County Fair.

In June of 1976, defendant MCAHS advertised that it was going to hold a race for three-year-old horses at the 1979 Midland County Fair. Plaintiff, who wished to race his horse Jambo Galaxy in that race, paid the qualifying fees and registered his horse for it. Approximately two years later, in April, 1978, the MCAHS realized that it had sufficient money to also run a race for two-year-old horses at the 1978 Midland County Fair. A letter announcing the 1978 race was sent to owners of horses who had entered the 1979 race for three-year-old horses. Plaintiff claims that he never received the letter announcing the 1978 race in which it was stated that a $40 qualifying payment had to be received by the MCAHS before May 15, 1978, in order to register a horse for the race.

Plaintiff claims that he first became aware of the 1978 race when he received a program describing the 1978 Midland County Fair. Plaintiff believed that his horse, Jambo Galaxy, was entered in the 1978 race for two-year-old horses because he had previously entered it into the 1979 race for three-year-old horses. Approximately one week before the race, he sent his horse to the track in order to train. He did not become aware that his horse was not qualified to run in the race until August 12, 1978, several days prior to the date of the race. Plaintiff immediately filed suit seeking an injunction requiring the fair to allow his horse to run in the race. However, the requested relief was denied and the race was run without plaintiff's horse.

On September 29, 1978, plaintiff filed suit against the chairman of the fair and the defendant United States Trotting Association. On December 12, 1978, the lower court granted accelerated and summary judgments against the plaintiff in favor of the two defendants. Plaintiff amended his complaint on January 10, 1979, to state causes of action against the present defendants on the ground that they had failed to publish the fee requirement for the 1978 race.

While plaintiff was pursuing this action in the circuit court, the board of review for the USTA conducted an investigation into this matter and, on January 7, 1979, concluded that proper notice of the 1978 race had been given and that plaintiff's horse had not been wrongfully denied a position in the race. Thereafter, defendants moved for accelerated judgment, which was granted by the lower court in an order dated February 27, 1980.

In accordance with the provisions under which the USTA is governed, "[e]very applicant for mem-

bership and every member shall be confined in any action at law or in equity against this Association to the jurisdiction of the courts, Federal or State, within which the principal office of the Association is situated". The principal office of the USTA is in Ohio. Based upon this by-law of the USTA and upon Michigan's forum selection statute, MCL 600.745; MSA 27A.745, the lower court held that it did not have jurisdiction over the instant suit.

In pertinent part, the forum selection statute provides as follows:

"(3) If the parties agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless any of the following occur:

"(a) The court is required by statute to entertain the action.

"(b) The plaintiff cannot secure effective relief in the other state for reasons other than delay in bringing the action.

"(c) The other state would be a substantially less convenient place for the trial of the action than this state.

"(d) The agreement as to the place of the action is obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.

"(e) It would for some other reason be unfair or unreasonable to enforce the agreement."

Lack of jurisdiction is a proper reason for granting accelerated judgment. GCR 1963, 116. It is quite evident from the foregoing provision of the USTA by-laws that the association and its members agree to bring all the legal actions against the association in the state of Ohio. Plaintiff claims, however, that Ohio would not be an appropriate forum for this suit because he would not be able to

obtain jurisdiction over defendant MCAHS in that state.

The record indicates that plaintiff is a resident of Ontario, Canada, and not a resident of Michigan. In addition, several important witnesses are residents of Ohio. Further, it appears that plaintiff's action against the MCAHS is not identical to nor inextricably related to his action against the defendant USTA.

Plaintiff's suit against the MCAHS is grounded upon the alleged failure of that defendant to publish and to make known to plaintiff all requirements for the August 14, 1978, horse race. Plaintiff's suit against the defendant USTA is premised upon a failure of that defendant to properly enforce its rules and regulations with respect to the running of the August 14, 1978, horse race. Therefore, inasmuch as the USTA by-laws directing that suits against it be brought in Ohio are valid and because a suit against the USTA could proceed without prejudice to plaintiff in the absence of defendant MCAHS, we affirm the lower court and hold that plaintiff should have brought the instant suit against the USTA in Ohio.

We similarly affirm the lower court's grant of accelerated judgment to defendant MCAHS. The lower court found, and we agree, that plaintiff's action against this defendant is controlled by *Lowe v Hotel & Restaurant Employees Union, Local 705,* 389 Mich 123; 205 NW2d 167 (1973), where the Supreme Court held that the existence of an organization rule requiring submission of intra-organizational disputes to internal resolution procedures was not violative of the law.

Section 9 of Rule 12 of the USTA rules provide that:

"Every entry shall constitute an agreement that the

person making it, the owner, lessee, manager, agent, nominator, driver, or other person having control of the horse, and the horse, shall be subject to these Rules and Regulations and will submit all disputes and questions arising out of such entry to the authority and the judgment of this Association, whose decision shall be final."

In the absence of fraud or oppression, the decisions of tribunals of a fraternal order or association are conclusive in matters of discipline and internal policy. Therefore, because plaintiff's suit against the MCAHS alleges failure to follow association rules, it is the association and not the courts who should decide this matter with reference to the written rules. This Court does not desire to become entangled with the rules of a sporting association concerning the promotion and regulation of competition. Where the association provides a speedy and effective means of deciding controversies before it and where there is no evidence of fraud or oppression by the association against the complaining member, the courts should not interfere with the orderly governing of the association.

By becoming members of the USTA, both plaintiff and the defendant MCAHS have subjected themselves to the association's system for resolving disputes. The USTA has considered the instant case and found that defendant MCAHS did not violate any association rules by the manner in which it promoted and conducted the 1978 Midland County horse race. There is no evidence that this decision of the USTA amounts to a fraud on plaintiff. Therefore, the lower court properly granted accelerated judgment in favor of defendant MCAHS.

We have considered all issues raised by plaintiff

in this appeal as well as the cross-claims asserted by the defendant USTA. We find that none of the issues raised involve reversible error. Therefore, the decision of the lower court in this case is affirmed.