33 P.3d 91 (2001)
108 Wash.App. 745
BANK OF AMERICA, N.A., Appellant,
v.
Glen A. MILLER d/b/a Glen Miller Farm and Diane K. Miller, Respondents.
No. 26595-8-II.
Court of Appeals of Washington, Division 2.
October 19, 2001.
*92 Edward W. Pettigrew, Jeffrey August Beaver, Graham & Dunn PC, Seattle, for Appellant.
Stuart Charles Morgan, Jennifer Ann Wing, Eisenhower & Carlson, Tacoma, for Respondents.
ARMSTRONG, C.J.
The Millers leased cattle for their Michigan farm from T & W Financial Services Company, L.L.C., a leasing company headquartered in Washington and financed by Bank of America. When T & W became financially unstable, Bank of America purchased leases from T & W that the bank had held as collateral, including the Millers' lease. The Millers sued T & W in Michigan for failing to fully fund the lease. Then Bank of America sued the Millers in Washington for failing to pay their rent. The lease contained a forum selection clause providing that the parties would file any lawsuits in Washington and that Washington law would apply. The Washington trial court dismissed the bank's case on the Millers' motion, setting aside the forum selection clause and applying the forum non conveniens doctrine. Because the Millers failed to produce sufficient evidence to show that the forum selection clause is unreasonable and unfair and, thus, unenforceable, we reverse.

FACTS
Under the lease, T & W gave the Millers money to purchase cows and the Millers paid monthly rent. A representative from T & W in Iowa went to Michigan to negotiate and execute the lease agreement. T & W signed the lease in Washington and Millers sent their payments to T & W in Washington.
In March 2000, the Millers sued T & W in Michigan, alleging that T & W failed to provide all of the money it promised under the lease for the Millers to purchase cattle. Although the bank is not a party to that lawsuit, it retained a lawyer in Michigan and appeared there to contest a temporary injunction that relieved the Millers of their obligation under the lease. Then, in April 2000, Bank of America sued the Millers in Washington alleging default. The lease specified Pierce County, Washington as the agreed forum for resolving disputes arising from it. T & W filed a bankruptcy petition in Washington, which automatically stayed the Michigan lawsuit.

ANALYSIS
Bank of America challenges the trial court's conclusion that its lawsuit against the Millers should be tried in Michigan rather than Washington. It argues that the forum *93 selection clause in the cattle lease is enforceable and that the trial court erred by applying forum non conveniens principles in the face of a valid forum selection clause.
The parties disagree as to the proper standard of review. Bank of America argues that de novo review is proper, while the Millers argue that we should review the trial court's decision for an abuse of discretion. In Exum v. Vantage Press, Inc., 17 Wash. App. 477, 479, 563 P.2d 1314 (1977), we reviewed for an abuse of discretion the trial court's decision not to enforce a contract provision naming New York as the forum. We found no abuse because "all contacts were made in Washington, partial performance was to be within the state, all the plaintiff's witnesses reside[d] within the State of Washington, [and] Defendant's Vice President who solicited Plaintiff reside[d] in California[.]" Exum, 17 Wash.App. at 479, 563 P.2d 1314. More recently, Division I, without discussing the standard of review, enforced an agreement to litigate in Nevada because the party challenging the agreement failed to "meet its burden of proving that the parties would be so seriously inconvenienced by litigation in Nevada that the clause must be found unreasonable or that the clause was obtained through unfair dealing." Voicelink Data Servs., Inc. v. Datapulse, Inc., 86 Wash.App. 613, 618, 937 P.2d 1158 (1997).
Here, as in Voicelink, the question is whether the Millers met their burden of proving that the forum selection clause should not be enforced. Regardless of whether we review this de novo or for an abuse of discretion, the Millers failed to carry their burden.
Courts will enforce a forum selection clause unless it is unfair or unreasonable. Exum, 17 Wash.App. at 478, 563 P.2d 1314. In deciding whether to dismiss a lawsuit because of a forum selection clause, the court does not accept the pleadings as true. Voicelink Data Servs., 86 Wash.App. at 618, 937 P.2d 1158. Rather, the party arguing that the forum selection clause is unfair or unreasonable bears a heavy burden of showing that trial in the chosen forum would be so seriously inconvenient as to deprive the party of a meaningful day in court. Voicelink Data Servs., 86 Wash.App. at 618, 937 P.2d 1158 (quoting Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 280 (9th Cir.1984)); Exum, 17 Wash.App. at 479, 563 P.2d 1314. Absent evidence of fraud, undue influence, or unfair bargaining power, courts are reluctant to invalidate forum selection clauses as they increase contractual predictability. Voicelink Data Servs., 86 Wash.App. at 617, 937 P.2d 1158.
Here, the Millers contend that a trial in Washington is seriously inconvenient because their witnesses live in Michigan and they have a lawsuit pending against T & W there. They also point out that T & W came to Michigan to negotiate and execute the lease and that both T & W and Bank of America appeared in Michigan when the Millers sued T & W there. Bank of America counters that T & W had its principal place of business in Washington, the Millers had notice of the forum selection clause, the Millers have not named any witnesses, and the Bank's witnesses reside in Washington.
Although litigating in Washington may be inconvenient for the Millers, they knew of this inconvenience when they agreed to the forum selection clause. As the United States Supreme Court has noted, inconvenience contemplated by the parties at the time they entered the contract should not render a forum selection clause unenforceable. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 16, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The Millers have not specified the witnesses they intend to call, the issues the witnesses would testify about, the evidence they intend to offer, and why that evidence would not be available in Washington. Without more, the Millers have not shown that litigating in Washington is any more inconvenient now than it was when they signed the lease agreement.
Thus, the Millers have not set forth specific facts showing why litigating in Washington is so seriously inconvenient as to deprive them of a meaningful day in court. See Voicelink Data Servs., 86 Wash.App. at 618, 937 P.2d 1158. Further, there is no evidence that T & W committed fraud or wielded unfair bargaining power when it negotiated *94 the Millers' lease. And the Millers do not claim lack of notice of the forum selection clause. See Voicelink Data Servs., 86 Wash. App. at 619, n. 3, 937 P.2d 1158. Thus, because the Millers failed to carry their burden of showing that the forum selection clause was unfair or unreasonable, the trial court should have enforced it.
Reversed and remanded.
We concur: BRIDGEWATER, J. and QUINN-BRINTNALL, J.