TURCHECK v AMERIFUND FINANCIAL, INC

Docket No. 269248. Submitted August 29, 2006, at Detroit. Decided October 3, 2006, at 9:05 a.m.

Nicole Turcheck brought an action in the Wayne Circuit Court against her employer, Amerifund Financial, Inc., alleging that Amerifund failed to pay commissions it owed her under the employment contract. The trial court, Michael J. Callahan, J., dismissed the complaint without prejudice on the basis of the forum-selection clause in the employment contract, which specified that any disputes arising out of the contract would come under the exclusive jurisdiction of a court in the state of Washington. Turcheck appealed.

The Court of Appeals *held*:

1. A trial court's dismissal of an action pursuant to a contractual forum-selection clause is properly reviewed on appeal under a de novo standard.

2. Although the contract contained a choice-of-law provision specifying that disputes would be governed by Washington law, the forum-selection clause would have been equally enforceable under either Michigan law or Washington law. Therefore, it is unnecessary to decide which state's law governed the forum-selection clause's applicability.

3. The plaintiff failed to meet her burden to show that enforcement of the forum-selection clause would have been unreasonable, unjust, substantially inconvenient, or unfair. The plaintiff presented no admissible documentary evidence supporting her assertions that Michigan is where most of her witnesses reside, most of the pertinent transactions took place, and pertinent factual information is located. The plaintiff also failed to present evidence to support her assertions that the defendant wielded unfair bargaining power and that the forum-selection clause was not subject to negotiation. Any inconvenience that would arise from litigating disputes in the state of Washington should have been apparent to the plaintiff when she agreed to the forum-selection clause; therefore, the inconvenience is considered part of the bargain that the parties negotiated.

4. The defendant's failure to file a cross-appeal regarding the trial court's denial of its request for attorney fees precludes it from raising the issue on the plaintiff's appeal.

Affirmed.

CONTRACTS — FORUM-SELECTION CLAUSES — STANDARD OF REVIEW.

Dismissals of actions pursuant to contractual forum-selection clauses are reviewed de novo on appeal.

*Saleh & Associates, PLC* (by *Alex Saleh* and *Philip H. Kotsis*), for the plaintiff.

*Kirk & Huth, P.C.* (by *Glenn R. Matecun*, of counsel, and *Michael S. Thomas*), for the defendant.

Before: BORRELLO, P.J., and JANSEN and COOPER, JJ.

PER CURIAM. Plaintiff appeals as of right the circuit court order dismissing her complaint without prejudice on the basis of a forum-selection clause in the parties' contract. We affirm. This appeal is being decided without oral argument. MCR 7.214(E).

### I. FACTS

Plaintiff was employed as a branch manager by defendant, a Washington corporation, pursuant to an employment contract. The contract contained both a choice-of-law provision and a forum-selection provision:

This agreement shall be subject to and governed by the laws of Washington, irrespective of the fact that a party is or may become a resident of a different state.

\* \* \*

Both parties hereby agree that the Circuit Court of Pierce County, State of Washington, shall have the exclusive jurisdiction to hear and determine any and all disputes, controversies, or claims arising out of, or relating to

this Agreement, or concerning the respective rights of the parties hereunder and, for such purposes, do hereby submit themselves to the sole personal jurisdiction of that Court.

Plaintiff brought this action in the Wayne Circuit Court, alleging that defendant failed to pay commissions that she was owed under the contract. Defendant argued that, in light of the forum-selection clause, plaintiff should have brought this action in the state of Washington.

Plaintiff asserted that the forum-selection clause was unenforceable pursuant to MCL 600.745(3), which provides in pertinent part:

> If the parties agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless any of the following occur:
>
> * * *
>
> (c) The other state would be a substantially less convenient place for the trial of the action than this state.
>
> (d) The agreement as to the place of the action is obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.
>
> (e) It would for some other reason be unfair or unreasonable to enforce the agreement.

Defendant suggested that the forum-selection clause was enforceable under MCL 600.745(3), and that, in the alternative, Washington law should apply to determine the enforceability of the contract's forum-selection clause.

The trial court observed that "[p]eople are free to bargain for the [forum] where any dispute will be litigated and [plaintiff] did so . . . ." Having found that plaintiff freely consented to the forum-selection provi-

sion, and that the provision did not fall within any of the MCL 600.745(3) exceptions, the trial court enforced the forum-selection clause and dismissed the action without prejudice.[1]

### II. FORUM-SELECTION CLAUSE

Plaintiff argues that the trial court erred in dismissing this action pursuant to the forum-selection clause in the parties' contract. We disagree.

### A. STANDARD OF REVIEW

Michigan courts have not precisely identified the proper standard for reviewing a trial court's dismissal based on a forum-selection clause. Both parties contend on appeal that a trial court's dismissal of an action pursuant to a contractual forum-selection clause should be reviewed de novo.

While not identical, dismissal based on a forum-selection clause is similar to a grant of summary disposition for lack of personal jurisdiction. Although a valid forum-selection clause does not *divest* the Michigan courts of personal jurisdiction over the parties, it evinces the parties' intent to forgo personal jurisdiction in Michigan and consent to *exclusive* jurisdiction in another forum. See *James v Midland Co Agricultural & Horticultural Society*, 107 Mich App 1, 5; 308 NW2d 688 (1981). Indeed, forum-selection clauses are inherently bound up with notions of personal jurisdiction. See *id*. Of note, the Michigan forum-selection statute, MCL 600.745(3), is itself contained among the jurisdictional provisions of the Revised Judicature Act. This Court reviews de novo a trial court's grant of summary

---

[1] Contrary to plaintiff's assertion, the trial court did not dismiss this case for improper venue.

disposition, as well as a trial court's jurisdictional rulings. *Electrolines, Inc v Prudential Assurance Co, Ltd*, 260 Mich App 144, 152; 677 NW2d 874 (2003).

Moreover, a dismissal based on a forum-selection clause necessarily requires interpretation and application of contractual language. The legal effect of a contractual clause is a question of law that we review de novo. *Quality Products & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 369; 666 NW2d 251 (2003).

In light of the above authority and the contractual nature of forum-selection provisions, we are convinced that a trial court's dismissal of an action pursuant to a contractual forum-selection clause is properly reviewed on appeal under a de novo standard.

### B. ANALYSIS

We begin with Michigan's fundamental rules of contract interpretation, set forth by our Supreme Court in *Quality Products & Concepts, supra*:

> In interpreting a contract, our obligation is to determine the intent of the contracting parties. If the language of the contract is unambiguous, we construe and enforce the contract as written. Thus, an unambiguous contractual provision is reflective of the parties' intent as a matter of law. Once discerned, the intent of the parties will be enforced unless it is contrary to public policy. [*Id.* at 375 (internal citations omitted).]

It is undisputed that Michigan's public policy favors the enforcement of contractual forum-selection clauses and choice-of-law provisions. See *Offerdahl v Silverstein*, 224 Mich App 417, 419; 569 NW2d 834 (1997) (recognizing the enforceability of forum-selection clauses and choice-of-law provisions). Thus, assuming that certain exceptions do not apply, Michigan courts will enforce an express forum-selection clause as written. MCL

600.745(3). Similarly, Michigan courts will enforce contractual choice-of-law provisions if certain conditions are met. *Chrysler Corp v Skyline Industrial Services, Inc*, 448 Mich 113, 126-127; 528 NW2d 698 (1995); *Martino v Cottman Transmission Systems, Inc*, 218 Mich App 54, 60-61; 554 NW2d 17 (1996).

The analysis grows more complicated, however, when a single agreement contains both a forum-selection clause and a choice-of-law provision. When a party to such an agreement sues in a state that is not designated by either the forum-selection clause or the choice-of-law provision, it becomes necessary to determine which state's law will govern the enforceability of the forum-selection clause itself. In other words, the trial court where the action is filed must decide whether to determine the enforceability of the forum-selection clause by applying its own law, or by applying the law designated in the choice-of-law provision.[2]

In the case at bar, the parties designated the state of Washington in the forum-selection clause and Washington state law in the choice-of-law provision. Notwithstanding these provisions, plaintiff filed suit in Michi-

---

[2] Such a decision necessarily requires the court to first determine under its own law whether the contractual choice-of-law provision is itself enforceable. See *Beilfuss v Huffy Corp*, 274 Wis 2d 500, 506-507; 685 NW2d 373 (Wis App, 2004) (describing the decision whether to construe a contract's forum-selection clause and choice-of-law provision together or independently as "the classic conundrum"). We have previously determined that Michigan courts have the initial jurisdiction to "determine the threshold issue whether a party is bound by a contract, and, accordingly, any forum selection and choice-of-law provision in the contract." *Offerdahl, supra* at 420; see also *Blackburne & Brown Mortgage Co v Ziomek*, 264 Mich App 615, 621-622; 692 NW2d 388 (2004). However, this Court has never specifically addressed whether such an initial determination should be made pursuant to Michigan law or, alternatively, pursuant to the law designated in the contract's choice-of-law provision.

gan. Therefore, in order to decide whether to exercise or
decline jurisdiction, it was essential for the trial court to
determine whether the forum-selection clause was valid
and enforceable. Accordingly, under ordinary circum-
stances, the trial court would have been required to
first determine whether Michigan or Washington law
governed the forum-selection clause's enforceability.[3]

---

[3] Michigan courts have never squarely addressed whether the enforce-
ability of a contractual forum-selection clause should be governed by the
law of the state where the action was filed or, in the alternative, the law
selected by the parties in the choice-of-law provision. However, courts in
several other jurisdictions have addressed this matter. Many jurisdictions
follow the rule that, provided the choice-of-law provision is enforceable
under the law of the state where the action was filed, the law selected in
the choice-of-law provision will govern the applicability or enforceability
of the forum-selection clause. The rationale for this view is that the
parties contracted for the law of a specific jurisdiction, and therefore the
law of the state where the action was filed should not be applied to
displace the contractually chosen law. See *Jacobsen Construction Co v
Teton Builders*, 106 P3d 719, 723 (Utah, 2005); *Szymczyk v Signs Now
Corp*, 168 NC App 182, 187; 606 SE2d 728 (2005); *Jacobson v Mailboxes
Etc USA, Inc*, 419 Mass 572, 575; 646 NE2d 741 (1995); *Cerami-Kote, Inc
v Energywave Corp*, 116 Idaho 56, 58; 773 P2d 1143 (1989); see also
*Parsons Dispatch, Inc v John J Jerue Truck Broker, Inc*, 89 Ark App 25;
199 SW3d 686 (2004) (assuming that Florida law, as designated by the
choice-of-law provision, governed the enforceability of the forum-
selection clause); *Eisaman v Cinema Grill Systems, Inc*, 87 F Supp 2d
446, 448 (D Md, 1999) (federal district court sitting in diversity applying
Georgia law, as designated by the choice-of-law provision, to determine
the enforceability of a forum-selection clause). In contrast, certain
jurisdictions follow the rule that a contract's forum-selection clause is to
be read independently of the choice-of-law provision, and that the validity
of the forum-selection clause will always be determined according to the
law of the jurisdiction where the action was filed. This rule is based on
the notion that because choice-of-law provisions only require application
of the chosen state's *substantive* law, the state where the action was filed
remains free to apply its own law on matters of *procedure*, including the
question whether the forum-selection clause is valid in the first place. See
*Golden Palm Hospitality, Inc v Stearns Bank Nat'l Ass'n*, 874 So 2d 1231,
1234-1235 (Fla App, 2004) (adhering to the view that Florida law governs
the enforceability of forum-selection clauses, even when the contract
contains a choice-of-law provision favoring the law of another jurisdic-
tion); see also *Fendi v Condotti Shops, Inc*, 754 So 2d 755, 757-758 (Fla

However, because we determine that the forum-selection clause in the parties' contract would have been equally enforceable under either Michigan law or Washington law, we need not decide which state's law would otherwise have governed the clause's applicability.[4]

As noted earlier, Michigan courts generally enforce contractual forum-selection clauses. MCL 600.745(3); *Offerdahl, supra* at 419. The exceptions to this rule are stated in MCL 600.745(3)(a)-(e), and unless one of the statutory exceptions applies, Michigan courts will enforce a forum-selection clause as written. The statutory exceptions that are relevant in this case provide that a forum-selection clause should be enforced unless "[t]he other state would be a substantially less convenient place for the trial[,]" "[t]he agreement as to the place of the action is obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means[,]" or "[i]t would for some other reason be unfair or unreasonable to enforce the agreement." MCL 600.745(3)(c)-(e). A party seeking to avoid a contractual forum-selection clause bears a heavy burden of showing that the clause should not be enforced. *The Bremen v Zapata Off-Shore Co*, 407 US 1, 17-18; 92 S Ct 1907; 32 L Ed 2d 513 (1972). Accordingly, the party seeking to avoid the forum-selection clause bears the burden of proving that one of the statutory exceptions of MCL 600.745(3) applies.

---

App, 2000); *Yamada Corp v Yasuda Fire & Marine Ins Co, Ltd*, 305 Ill App 3d 362, 367-368; 712 NE2d 926 (1999) (applying Illinois law instead of the contractually chosen Japanese law to determine validity of the forum-selection clause).

[4] See *Morgan Bank (Delaware) v Wilson*, 164 Ariz 535, 538; 794 P2d 959 (Ariz App, 1990) ("we believe that under either Arizona or Kentucky law, the result is the same in the present case, and therefore do not decide which law applies").

Our research has revealed that the standards for enforcing contractual forum-selection provisions under Washington law are substantially similar. In general, Washington state courts will enforce a forum-selection clause unless it is unreasonable, unjust, or unfair. *Voicelink Data Services, Inc v Datapulse, Inc*, 86 Wash App 613, 617-618; 937 P2d 1158 (1997). "[T]he party arguing that the forum selection clause is unfair or unreasonable bears a heavy burden of showing that trial in the chosen forum would be so seriously inconvenient as to deprive the party of a meaningful day in court." *Bank of America, NA v Miller*, 108 Wash App 745, 748; 33 P3d 91 (2001). "Absent evidence of fraud, undue influence, or unfair bargaining power, courts are reluctant to invalidate forum selection clauses as they increase contractual predictability." *Id.*, citing *Voicelink Data Services, supra* at 617; see also *Wilcox v Lexington Eye Institute*, 130 Wash App 234, 239; 122 P3d 729 (2005).

Turning to the case at bar, defendant presented affidavits stating that the witnesses and voluminous employment records needed to defend this action are located in Washington. Moreover, defendant's affidavits showed that only a minimal amount of relevant evidence is located in Michigan. Plaintiff asserted that most of her witnesses reside in Michigan, that the pertinent transactions took place in Michigan, and that certain factual information concerning the case is located in Michigan. However, plaintiff failed to present admissible documentary evidence supporting any of these assertions. Plaintiff also claimed that the contract was obtained through abuse of economic power, inasmuch as defendant is a large corporation and she is a mere individual who was unable to negotiate the terms of the contract at the time the agreement was executed. Again, however, plaintiff failed to present evidence to

support her assertions that defendant wielded unfair bargaining power or that the clause was not subject to negotiation. Under the law of both Michigan and Washington, plaintiff's unsupported allegations were inadequate to meet her burden of showing that enforcement of the forum-selection clause would have been unreasonable, unjust, substantially inconvenient, or unfair. *The Bremen, supra* at 17-18; *Bank of America, supra* at 748; see also 1 Restatement Conflict of Laws, 2d (1988 Revisions), § 80, comment c, p 85 ("[t]he burden of persuading the court that stay or dismissal of the action would be unfair or unreasonable is upon the party who brought the action").

Moreover, the claimed inconvenience of litigating in Washington should have been apparent to plaintiff when she agreed to the forum-selection clause. Like the Washington Court of Appeals and the United States Supreme Court, we conclude that inconvenience, insofar as it is within the contemplation of the parties at the time of contracting, should not render a forum-selection clause unenforceable. *The Bremen, supra* at 16-17; *Bank of America, supra* at 748-749. Where the inconvenience of litigating in another forum is apparent at the time of contracting, that inconvenience is part of the bargain negotiated by the parties. Allowing a party who is disadvantaged by a contractual choice of forum to escape the unfavorable forum-selection provision on the basis of concerns that were within the parties' original contemplations would unduly interfere with the parties' freedom to contract and should generally be avoided.

### III. ATTORNEY FEES

Defendant also asserts that it is entitled to attorney fees incurred in defending this action, including the

appeal. Defendant asserted its claim for attorney fees below, but the trial court denied the request. Although filing a cross-appeal is not necessary to argue an alternative basis for affirming the trial court's decision, the failure to do so generally precludes an appellee from raising an issue not appealed by the appellant. *Kosmyna v Botsford Community Hosp*, 238 Mich App 694, 696; 607 NW2d 134 (1999). Defendant's failure to file a cross-appeal from the trial court's denial of its request for attorney fees precludes it from now attempting to obtain a decision more favorable than that rendered below. *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994).

### IV. CONCLUSION

Similar to a dismissal for lack of jurisdiction, see MCR 2.504(B)(3), a dismissal based on a contractual forum-selection clause is not an adjudication on the merits. Therefore, such a dismissal is properly characterized as a dismissal without prejudice. See *ABB Paint Finishing, Inc v Nat'l Union Fire Ins Co of Pittsburgh*, 223 Mich App 559, 563; 567 NW2d 456 (1997).

Affirmed.