*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STATEBRIDGE COMPANY, LLC,

       Plaintiff-Appellee,

v

DERRICK T. FELLS,

       Defendant-Appellant.

UNPUBLISHED
February 17, 2022

No. 355662
Wayne Circuit Court
LC No. 19-013752-CZ

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and CAMERON, JJ.

PER CURIAM.

In this action for a deficiency judgment, defendant Derrick T. Fells appeals the trial court's judgment in favor of plaintiff Statebridge Company, LLC, following opposing motions for summary disposition. We affirm.

## I. BACKGROUND

This appeal arises from the foreclosure of defendant's home, which is located in Detroit, Michigan. In December 2014, defendant executed a promissory note for $114,600. In order to secure the debt, defendant granted a mortgage. Defendant later defaulted, and the property was foreclosed by advertisement by way of a sheriff's sale on February 9, 2017. Thien Hoang Tran was the highest bidder, and he purchased the property for $9,576.32. At the time of the foreclosure sale, defendant owed $114,803.75. Plaintiff was later assigned the note, which had a deficiency balance of $105,227.43.

In October 2019, plaintiff filed suit to recover the deficiency balance. After the close of discovery, plaintiff moved for summary disposition under MCR 2.116(C)(9) and (10). Defendant opposed plaintiff's motion and requested that the trial court grant summary disposition in his favor, arguing that plaintiff was not entitled to a deficiency judgment under MCL 600.3280. After hearing oral argument, the trial court concluded that MCL 600.3280 did not apply and that there was no genuine issue of material fact that defendant breached the terms of the promissory note. Accordingly, the trial court granted plaintiff's motion for summary disposition and entered judgment in plaintiff's favor. However, the trial court reduced the amount that plaintiff requested

by $29,000, which the trial court concluded was the fair market value of the property at the time of the sale.[1] Defendant now appeals.

## II. STANDARDS OF REVIEW

Defendant argues the trial court erred by granting summary disposition in favor of plaintiff and by denying defendant's cross-motion for summary disposition. We disagree.

"We . . . review de novo a trial court's interpretation and application of a statute." *City of Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 457; 965 NW2d 232 (2020). A trial court's decision regarding a motion for summary disposition is also reviewed de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). In this case, the trial court did not specify the grounds for granting plaintiff's motion for summary disposition and for denying defendant's motion for summary disposition. However, the trial court relied on documentary evidence to support its decisions. Accordingly, MCR 2.116(C)(10) is the appropriate basis for review. See *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582; 794 NW2d 76 (2010) ("Where the parties rely on documentary evidence, appellate courts proceed under the standards of review applicable to a motion made under MCR 2.116(C)(10).") (Quotation marks and citation omitted).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks, citations, and emphasis omitted).]

## III. ANALYSIS

As already stated, the trial court concluded that there was no genuine issue of material fact that defendant breached the terms of the promissory note. "A party claiming a breach of contract must establish (1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." *Dunn v Bennett*, 303 Mich App 767, 774; 846 NW2d 75 (2013) (quotation marks and citation omitted).

In this case, the undisputed record evidence establishes that defendant executed a promissory note, which was secured by the mortgage. Defendant defaulted, which resulted in a

---

[1] Plaintiff requests that this Court vacate this portion of the judgment and remand for the trial court to enter a judgment for the full amount of the deficiency, i.e., $105,227.43. However, because plaintiff has not filed a cross-appeal, this issue is not properly before us. See *Turcheck v Amerifund Fin, Inc*, 272 Mich App 341, 351; 725 NW2d 684 (2006) ("Although filing a cross-appeal is not necessary to argue an alternative basis for affirming the trial court's decision, the failure to do so generally precludes an appellee from raising an issue not appealed by the appellant.")

foreclosure by advertisement. The property was sold to Tran for $9,576.32. At the time of the sale, defendant owed $114,803.75 on the note. The note, which had a deficiency balance of $105,227.43, was then assigned to plaintiff. Defendant admitted during the lower court proceeding that he defaulted on a promissory note now owned by plaintiff and that plaintiff had properly calculated the amount due.

On appeal, defendant does not dispute that he breached the contract. Instead, defendant argues that the trial court erred by concluding that MCL 600.3280 did not provide a valid defense in this case. Michigan law permits a mortgagee to foreclose on a mortgage by advertisement in the event of a default on the loan secured by the mortgage. *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 86; 878 NW2d 816 (2016). If the amount received from a foreclosure sale is not sufficient to satisfy the debt, the lender may file an action for a deficiency judgment against the debtor. *Id*. at 87. MCL 600.3280, however, limits a lender's recovery in certain instances:

> When, in the foreclosure of a mortgage by advertisement, any sale of real property has been made after February 11, 1933, or shall be hereafter made by a mortgagee, . . . at which the mortgagee, payee or other holder of the obligation thereby secured has become or becomes the purchaser, or takes or has taken title thereto at such sale either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor . . . it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and set-off to the extent only of the amount of the plaintiff's claim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and such showing shall constitute a defense to such action and shall defeat the deficiency judgment against him, either in whole or in part to such extent.

Thus, in order for MCL 600.3280 to apply, two conditions must be met: (1) "the mortgagee, payee or other holder of the obligation" must "become . . . the purchaser" or must take title to the real property "at [the] sale either directly or indirectly," and (2) the "mortgagee, payee or other holder of the secured obligation" must have brought the action for recovery of a deficiency. If these two conditions are satisfied, a defendant may defend on the basis that "the property sold was fairly worth the amount of the debt secured by it at the time and place of sale *or* that the amount bid was substantially less than its true value." MCL 600.3280 (emphasis added).

According to the sheriff's deed that was signed following the foreclosure sale, Tran purchased the property for $9,576.32. Nothing in the record suggests that Tran is an agent of plaintiff or one of plaintiff's assignors. Since there is no evidence to support the conclusion that plaintiff, the "payee or other holder of the obligation," became "the purchaser, . . . or has taken title [of the property]. . . either directly or indirectly," MCL 600.3280 is inapplicable. Because this statute was the only defense argued by defendant in opposition to plaintiff's motion for summary disposition, and because defendant has failed to demonstrate a genuine issue of material fact regarding the purchaser of the property, the trial court did not err by granting summary disposition in favor of plaintiff and by denying defendant's motion for summary disposition.

Defendant raises several other arguments on appeal. Specifically, defendant argues that the trial court improperly failed to require plaintiff to respond to discovery requests so that defendant could determine "the value of the subject property at the time of the Sheriff's Sale" and "how much the Plaintiff purchased the subject property [for] from Federal Home Loan Mortgage Corporation." According to defendant, it was "inequitable" for the trial court to rule on the motions for summary disposition without permitting further discovery. However, these arguments are premised on the misconception that MCL 600.3280 applies in this case and that plaintiff purchased the subject property.[2] Thus, for the foregoing reasons, these arguments are also without merit and need not be considered any further.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Thomas C. Cameron

---

[2] Although defendant repeatedly indicates that plaintiff purchased the property from Federal Home Loan Mortgage Corporation for $1.00, the record supports that Tran purchased the property for $9,576.32 and that plaintiff purchased the mortgage note for $1.00 and "other good and valuable consideration paid[.]"