*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HDI GLOBAL SE, AIG EUROPE LTD, AXA
CORPORATE SOLUTIONS, CHUBB EUROPEAN
GROUP, PLC, ERGO INSURANCE AG,
GENERALI INSURANCE AG, GREAT LAKES
INSURANCE SE, SWISS VERSICHERUNGS-AG,
R+V GENERAL INSURANCE AG, SCOR SE,
SOMPO JAPAN INSURANCE, SV
SPARKASSENVERSICHERUNG
GEBAUDEVERSICHERUNG, SWISS RE
INTERNATIONAL SE, XL INSURANCE
COMPANY SE, and ZURICH INSURANCE SE,

UNPUBLISHED
April 13, 2023

Plaintiffs-Appellants,

v

MAGNESIUM PRODUCTS OF AMERICA, INC.,

No. 360385
Eaton Circuit Court
LC No. 2021-000376-CB

Defendant-Appellee.

Before: GADOLA, P.J., and PATEL and MALDONADO, JJ.

PER CURIAM.

In this negligence action, plaintiffs, as insurers, subrogees, or assignees of Daimler AG, appeal as of right the trial court's order granting summary disposition to defendant, Magnesium Products of America, Inc., pursuant to MCR 2.116(C)(8) (failure to state a claim). We affirm.

## I. BACKGROUND

On May 2, 2018, a fire broke out at defendant's Eaton Rapids, Michigan manufacturing facility. Defendant had a contract to supply Mercedes-Benz U.S. International (MBUSI) with, among other good, magnesium-casted cross car beams ("the goods"). MBUSI, an affiliate of Daimler AG, manufactured vehicles for Daimler on a contract basis, and MBUSI used the

magnesium-casted cross car beams from defendant for certain Daimler vehicles.[1] The contract between defendant and MBUSI, to which Daimler was not a signatory, directed defendant to stamp all goods with Daimler's name, likeness, trademark, or other designations. The May 2018 fire damaged equipment that was owned by MBUSI and used to manufacture the goods for MBUSI. As a result, defendant failed to produce the goods or provide them to MBUSI, and MBUSI, therefore, was unable to use the goods to manufacture the vehicles for Daimler. Daimler suffered significant business interruptions and profit losses as a result of the forced reduction of production and assembly operations of its vehicles. Daimler, who was insured by plaintiffs, filed a claim for losses that it suffered as a result of the fire, and plaintiffs paid the claim.

Plaintiffs, as insurers and assignees of Daimler, filed a negligence action against defendant alleging that defendant owed Daimler a duty to use caution and due care when manufacturing the goods and a duty to supply the goods on a timely and regular basis. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8), and the court dismissed the complaint without prejudice because it concluded that defendant did not owe a duty to Daimler. Plaintiffs filed their second amended complaint, and it included detailed allegations pertaining to the hazards arising from working with magnesium as well as the dangers posed by a magnesium fire. Plaintiffs averred that defendant owed a duty to the general public to exercise due care when working with the magnesium so as to not cause damage to people or property. Daimler, according to plaintiffs, was owed this duty as a member of the public. Defendant again filed a motion for summary disposition pursuant to MCR 2.116(C)(8). The court again granted the motion, reasoning that defendant's duty to use due care did not apply to the type of harm that plaintiffs alleged. This time, the complaint was dismissed with prejudice.

## II. STANDARDS OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Johnson v Pastoriza*, 491 Mich 417, 428; 818 NW2d 279 (2012). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Id*. at 434-435. When a court reviews a motion for summary disposition under MCR 2.116(C)(8), it must accept all well-pleaded factual allegations as true and construe the allegations in a light most favorable to the nonmovant. *Id*. at 435. Only when the alleged claims are so clearly unenforceable as a matter of law that no factual development could justify recovery may a court grant a motion under MCR 2.116(C)(8). *Id*. Additionally, the issue of whether defendant owed a duty to plaintiffs is a question of law, and this Court reviews questions of law de novo. *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004).

## III. DISCUSSION

Plaintiffs argue that the trial court erred by granting defendant's motion for summary disposition because the duty to use due care to avoid physical harm to foreseeable persons and property, which is owed to the general public, is separate and distinct from the contract. Plaintiffs' argument is without merit because this duty does not extend to intangible economic losses.

---

[1] Neither Daimler nor MBUSI is a party to this action.

A plaintiff can establish a prima facie case of negligence by proving the following elements: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). "Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law." *Clark v Dalman*, 379 Mich 251, 260-261; 150 NW2d 755 (1967). Thus, "[t]he threshold question in a negligence action is whether the defendant owed a duty to the plaintiff." *Fultz*, 470 Mich at 463.

The common law "imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others." *Clark*, 379 Mich at 261. This "may be a specific duty owing to the plaintiff by the defendant, or it may be a general one owed by the defendant to the public, of which the plaintiff is a part." *Id*. A duty of care can arise from a contractual relationship, but "the contract merely creates the state of things which furnishes the occasion of the tort." *Id*. Thus, "tort actions based on a contract and brought by a plaintiff who is not a party to that contract" should be analyzed "by using a 'separate and distinct' mode of analysis." *Fultz*, 470 Mich at 467. In other words, "the threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie." *Id*. Therefore, plaintiffs correctly assert that "a separate and distinct duty to support a cause of action in tort can arise . . . [from] the generally recognized common-law duty to use due care in undertakings." *Loweke*, 489 Mich at 170. This obligation to exercise due care is separate and distinct from duties arising under a contract because "entering into a contract with another pursuant to which one party promises to do something does not alter the fact that there exists a preexisting obligation or duty to avoid harm when one acts." *Id*. (quotation marks, citation, and alterations omitted). It is certainly possible that defendant breached this duty that it owed to the general public by allowing the fire to occur. Therefore, the issue before us is whether the duty extended to the losses suffered by Daimler.

To reiterate, defendant owed Daimler, as a member of the public, a general common law duty to use due care during its undertakings, and this duty was separate and distinct from its contractual obligations to MBUSI. See *Clark*, 379 Mich at 261; see also *Loweke*, 489 Mich at 170. "This duty, however, does not extend to 'intangible economic losses.' " *Rinaldo's Contr Corp v Mich Bell Tel Co*, 454 Mich 65, 84; 559 NW2d 647 (1997). Rather, the duty is limited to preventing harm to "the person or property of others." *Clark*, 379 Mich at 261. In this case, one could consider the complaint as alleging that by allowing the fire to occur defendant breached its duty to use ordinary care during its undertakings. However, plaintiffs only alleged economic harm. In their complaint, plaintiffs described the damages suffered by Daimler as a "business interruption," the "loss of business income," and "lost profits." These damages are precisely the sort of "intangible economic losses" to which our Supreme Court has clearly stated that the

common law duty to use due care does not extend. Therefore, the trial court properly granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(8).[2]

Plaintiffs attempt to escape our conclusion that Daimler suffered only economic losses by directing our attention to the equipment that was damaged in the fire. Plaintiffs argue that defendant owed Daimler a duty to exercise due care so as to avoid damage to property and that defendant breached this duty because "[f]ive MBUSI instruments were damaged by the fire, instruments that were necessary for manufacturing the Goods upon which MBUSI (and ultimately Daimler) relied." However, the fact that Daimler's economic losses were caused by damage to MBUSI's property does not change the fact that Daimler only suffered intangible economic losses. While defendant did have a duty to exercise due care as to not damage MBUSI's property, this is not a duty that was owed to Daimler because the breach of this duty caused Daimler to suffer only intangible economic losses.

Affirmed.[3] Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.[4]

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Allie Greenleaf Maldonado

---

[2] Plaintiffs argue that the trial court erred by applying *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41; 649 NW2d 783 (2002), and its discussion of the "economic loss doctrine." However, this Court "will affirm a trial court's decision on a motion for summary disposition if it reached the correct result, even if our reasoning differs." *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 449; 886 NW2d 445 (2015).

[3] Plaintiffs raise for the first time on appeal an unpreserved argument that defendant violated its common-law duty to avoid creating a "new hazard." See *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994) (explaining that an issue is preserved for appellate review if it has been raised before the lower court and pursued on appeal). Plaintiffs waived appellate review of this argument by not raising it in the trial court. "Michigan generally follows the 'raise or waive' rule of appellate review." *Wells v State Farm Fire & Casualty Co*, 509 Mich 855; 969 NW2d 67 (2022) (quotation marks and citation omitted). In general, "a failure to timely raise an issue waives review of that issue on appeal." *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (quotation marks and citation omitted). Therefore, because the issue was not timely raised, it is waived.

[4] To the extent that defendant argues it is entitled to recover attorney fees, its "failure to file a cross-appeal from the trial court's denial of its request for attorney fees precludes it from now attempting to obtain a decision more favorable than that rendered below." *Turcheck v Amerifund Fin, Inc*, 272 Mich App 341, 351; 725 NW2d 684 (2006).