# STATE OF MICHIGAN

# COURT OF APPEALS

---

SUMMIT DIAMOND BRIDGE LENDERS, LLC,

        Plaintiff-Appellant,

v

PHILIP R. SEAVER TITLE COMPANY, INC.,
also known as PRS ASSETS, INC.,

        Defendant-Appellee.

UNPUBLISHED
December 22, 2016

No. 326679
Oakland Circuit Court
LC No. 2014-143557-CK

---

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

BOONSTRA, J. (*dissenting*).

I respectfully dissent. In my view, the trial court properly enforced the freely-bargained-for forum-selection clause at issue in this case,[1] because both Michigan and California law support such enforcement. In concluding otherwise, the majority holds that a California court would not allow plaintiff to maintain this action in California because the monetary amount found in Cal Code Civ Proc § 410.40 has not been met. I believe that this conclusion is based on a misinterpretation of the California Code of Civil Procedure and the purpose behind Cal Code Civ Proc § 410.40. Further, I agree with the majority that the issue of whether a California court would find that it has personal jurisdiction over defendant is unclear (given that, as the majority acknowledges, there is no horizontal stare decisis within the California Court of Appeals), and I would hold that the trial court did not err by allowing a California court to make that determination.[2]

---

[1] The underlying escrow agreement provided, in pertinent part, that "[a]ny dispute arising from or related to this Agreement, shall be governed by, and subject to, the laws of the State of California and shall be handled by the appropriate state or federal court located in California."

[2] Were we to affirm the trial court (as I would do), its grant of summary disposition in favor of defendant should be without prejudice to the refiling of this action in Michigan in the event that a California court later were to determine that it lacked personal jurisdiction. This would guard against the parties potentially being left without a forum in which to litigate the dispute.

-1-

## I. APPLICABILITY OF CAL CODE CIV PROC § 410.40

The majority begins by acknowledging, as the trial court did, that California generally enforces freely-bargained-for forum-selection clauses. See *Smith, Valentino & Smith, Inc v Superior Court*, 17 Cal 3d 491, 495-496; 131 Cal Rptr 374; 551 P 2d 1206 (1976); *CQL Original Prods, Inc v Nat'l Hockey League Players' Ass'n*, 39 Cal App 4th 1347, 1354; 46 Cal Rptr 2d 412 (1995). Nonetheless, the majority concludes that Cal Code Civ Proc § 410.40 bars the enforcement of the forum-selection clause in the instant case. Cal Code Civ Proc § 410.40 states in relevant part:

> Any person may maintain an action or proceeding in a court of this state against a foreign corporation or nonresident person where the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of California law has been made in whole or in part by the parties thereto and which (a) is a contract, agreement, or undertaking, contingent or otherwise, relating to a transaction involving in the aggregate not less than one million dollars ($1,000,000), and (b) contains a provision or provisions under which the foreign corporation or nonresident agrees to submit to the jurisdiction of the courts of this state.

Notwithstanding the permissive nature of the statute, the majority converts it into a statute of preclusion, stating its interpretation as follows:

> Under this provision, a plaintiff is precluded from bringing suit against a defendant who is a foreign corporation unless (1) the action involves an agreement "for which a choice of California law has been made," (2) the agreement relates to a transaction involving at least $1,000,000, and (3) the agreement contains a provision whereby the foreign corporation "agrees to submit to the jurisdiction of the courts of this state."

I find no support for this interpretation in California law. While I will discuss the issue of the parties' submission to the personal jurisdiction of California in a later section of this opinion, as the issue of personal jurisdiction is important regardless of the applicability of Cal Code Civ Proc § 410.40, I cannot conclude that the statute itself "precludes" a plaintiff from bringing a suit against a foreign corporate defendant unless its criteria are met.

Although the rule of statutory construction *expression unius est exclusio alterius* (the expression of one thing is the exclusion of another) arguably could, in a vacuum, be applied to the language of Cal Code Civ Proc § 410.40 to support the conclusion that the majority reaches (i.e., that by providing that a plaintiff may maintain an action against a foreign corporate defendant *only* if the criteria of Cal Code Civ Proc § 410.40 are met), that rule is merely a tool to be used, where necessary, to ascertain the intent of the legislature, and cannot be employed to contradict or vary a clear expression of legislative intent. See *Luttrell v Dep't of Corrections*, 421 Mich 93, 107; 365 NW2d 74 (1984); *Williams v Los Angeles Metropolitan Transit Auth*, 68 Cal 2d 599, 603-604;; 68 Cal Rptr 297; 440 P 2d 497 (1968). Put another way, such a rule of statutory construction simply does not apply in the face of a clear indication of legislative intent.

I find that to be the case with respect to Cal Code Civ Proc § 410.40. That is, as stated in *Credit Lyonnais Bank Nederland, NV v Manatt, Phelps, Rothenberg & Tunney*, 202 Cal App 3d 1424, 1433; 249 Cal Rptr 559 (1988), superseded in part by statute on other grounds as noted in *Beckman v Thompson*, 4 Cal App 4th 481; 6 Cal Rptr 2d 60 (1992), the statute appears designed not to *preclude* anything, but rather specifically to attract big-ticket litigation to California by expressly *allowing* parties to maintain actions against foreign corporations under forum-selection clauses if the dollar value and other criteria are met. The *Credit Lyonnais* court noted that the California Legislature modeled the bill that adopted Cal Code Civ Proc § 410.40 after a similar statute enacted in New York "for the purpose of fostering New York as an international commercial arbitration center." *Id*. at 1434 (citation omitted), and concluded that Cal Code Civ Proc § 410.40 operated to "limit the exercise of the inconvenient forum doctrine" by explicitly authorizing California as a forum for certain types of "large contract" cases. *Id*.

Several states have passed similar laws patterned after New York's statute, including, Florida, Delaware, Ohio, and Texas. See Honigsberg et al., *State Contract Law and Debt Contracts*, 57 J Law & Econ 1031, 1034-1035 and n 6 (2014). These statutes have been described by commentators as "allowing parties to litigate in their state courts providing that the contract exceeds a minimum dollar value (usually $1 million) and that the parties have selected the law of that state," *id*., or as a "statutory commitment to enforce forum-selection clauses" when a state's law has been chosen and the dispute exceeds a certain dollar value. See Winship, *Bargaining for Exclusive State Court Jurisdiction*, 1 Stanford J Complex Lit 51, 87-88 (2012). As a result of the passage of these statutes, "parties to substantial commercial contracts can now feel confident that their choice of law will be enforced." Honigsberg, 1035.

Thus, rather than conclude, as the majority does, that Cal Code Civ Proc § 410.40 precludes the enforcement of forum-selection clauses if its conditions are not met, I conclude, consistent with *Credit Lyonnaise*, 202 Cal App 3d at 1432, that the statute exists to encourage and facilitate the enforcement of these clauses specifically in big-ticket contract cases, and is simply inapplicable to cases that do not meet its criteria.[3] The statute thus does not preclude the exercise of jurisdiction over those smaller cases, but merely does not afford them the exemption to the inconvenient forum doctrine that is afforded to the bigger-ticket cases.

Indeed, I have found no California case invoking Cal Code Civ Proc § 410.40 in declining to enforce a forum-selection clause. Moreover, if the majority were correct that Cal

---

[3] In fact, if one reads Cal Code Civ Proc § 410.40 as a statute of preclusion, then it would preclude *any* California court from ever taking jurisdiction over a foreign corporation that did not meet the statute's criteria, regardless of the corporation's contacts with California, thus operating as at least a partial abrogation of California's long-arm statute, Cal Code Civ Proc § 410.10. No California court has so interpreted Cal Code Civ Proc § 410.40. See *XL Specialty Ins Co v Bullocks Exp Transp, Inc*, unpublished opinion of the California Court of Appeal, Second District, Division 2, decided April 4, 2002 (Docket No. B151799) (concluding that Cal Code Civ Proc § 410.40 did not apply to the instant case due to the lack of forum-selection clause, but nonetheless concluding that the trial court could take personal jurisdiction over the defendant foreign corporation based on minimum contacts).

-3-

Code Civ Proc § 410.40 operates to preclude actions against foreign corporations that do not meet its criteria, then no such actions under a million dollars could be maintained in California, regardless of the parties' choice of California law and explicit submission to the personal jurisdiction of California. Yet, I have found no California cases employing such a rationale. I therefore disagree with the majority's reliance on Cal Code Civ Proc § 410.40 to find that the California courts would refuse to allow plaintiff to maintain this action in California.

## II. PERSONAL JURISDICTION

The majority states that the question of whether California courts would find that plaintiff had consented to personal jurisdiction in California is unanswered. I agree that the question has been answered differently by different panels of the California Court of Appeals, none of which are binding on the other. But I fail to see how the trial court erred by deciding that a California court should answer the question in the first instance; indeed, to me, the unsettled nature of the caselaw in California counsels toward deferring to a California court to determine the enforceability of a California choice of forum clause under California law. Reading (as I do) Cal Code Civ Proc § 410.40 to encourage "big ticket" cases rather than to preclude smaller ones (and therefore not holding plaintiff's case to be barred by a monetary requirement), I would hold that the trial court did not err by enforcing the forum-selection clause at issue. Although the majority acknowledges the lack of horizontal stare decisis within the California Court of Appeals and the resulting non-binding nature of *Global Packaging, Inc v The Superior Court*, 196 Cal App 4th 1623, 1627; 127 Cal Rptr 3d 813 (2011), it does not go so far as to decide (apart from the issue of the supposed monetary requirement of Cal Code Civ Proc § 410.40) whether the trial court was correct in enforcing the forum-selection clause. I would do so, and would conclude that given the uncertainties of California law, plaintiff has failed to carry its burden of showing that the mandatory forum-selection clause is unreasonable. Specifically, plaintiff has failed to show that the selected forum is "unavailable or unable to accomplish" substantial justice, see *Smith, Valentino & Smith, Inc,* 17 Cal 3d at 495–496. I would therefore hold that the trial court did not err by granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7).

Plaintiff's argument in essence is that *Global Packaging* would compel a California court to find that the forum-selection clause at issue here was not an agreement by the parties to submit to the personal jurisdiction of California. I disagree with that assertion in several respects. At the outset, I note that plaintiff argues that *Global Packaging* is "binding" precedent establishing a "clear rule" that "must be applied" and that "will require a California court to dismiss the present dispute." This, however, is incorrect. As the majority acknowledges, *Global Packaging* is not binding on future California courts (as are published appellate decisions after 1990 in Michigan; see MCR 7.215(J)), and there is no horizontal stare decisis within the California Courts of Appeal; "[o]ne district or division may refuse to follow a prior decision of a district or division." See, e.g., *McCallum v McCallum*, 190 Cal App 3d 308, 315 n 4; 235 Cal Rptr 396 (Cal App 1987). Nor is a superior court bound to follow an appellate opinion even from its own district where contrary appellate authority exists. See *id*.; see also *Auto Equity Sales, Inc v Superior Court of Santa Clara Co*, 57 Cal 2d 450, 456; 20 Cal Rptr 321; 359 P2d 937 (1962) (wherein the California Supreme Court states that where appellate decisions are in conflict, "the court exercising inferior jurisdiction can and must make a choice between the conflicting decisions.")

-4-

I also note that plaintiff's reliance on the reasoning of *Global Packaging* may be suspect in light not only of California's policy of enforcing freely-bargained-for forum-selection clauses, but the United States Supreme Court's holding in *The Bremen v Zapata Off–Shore Co*, 407 US 1, 18; 92 S Ct 1907, 1913; 32 L Ed 2d 513 (1972). Plaintiff in fact argues that the court in *Global Packaging* "[r]eject[ed] the reasoning of the holding" in *The Bremen*, because there "the United States Supreme Court improperly conflated forum selection with jurisdiction." I do not, however, read *Global Packaging* as "explicitly reject[ing]" the United States Supreme Court's holding in *The Bremen*," as plaintiff contends (emphasis in original). To the contrary, *Global Packaging* described *The Bremen* as "the case that gave the official imprimatur to forum selection clauses as embodying the modern and cosmopolitan approach to commercial disputes." (Footnote omitted).

*Global Packaging* may indeed, however, have implicitly rejected the United States Supreme Court's holding in *The Bremen*. While holding that "an agreement to litigate in a certain forum" does not "necessarily imply an additional, separate agreement to submit to the jurisdiction of that forum," *Global Packaging*, 196 Cal App at 1632, the court did not address the United States Supreme Court's observation that " 'it is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court' " through "arms-length negotiation" for "[t]he choice of that forum."[4] *The Bremen*, 407 US at 11, quoting *National Equipment Rental, Ltd v Szukhent*, 375 US 311, 315-316, 84 S Ct 411, 11 L Ed 2d 354 (1964). Nor did it address the Supreme Court's holding that such clauses are enforceable absent a showing that "trial in the contractual forum will be so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court." *Id*. at 18. Rather, the *Global Packaging* court appears to have determined that parties to contracts that select a forum for the resolution of disputes require additional due process protections that the United States Supreme Court has not deemed necessary.[5] Regardless, it appears to me at best far from certain that another California Court of Appeal, or the California Supreme Court, or for that matter a California Superior Court, would embrace plaintiff's position that it should cavalierly reject, either explicitly or implicitly, a holding of the United States Supreme Court.

Further, although *Global Packaging* concluded that an agreement to litigate disputes in a certain venue or forum does not imply an agreement to submit to personal jurisdiction, the opposite conclusion was reached in *Berard Construction Co v Municipal Court*, 49 Cal App 3d 710, 722; 122 Cal Rptr 825 (1975), wherein the court held that a clause that provided that a lease was to be construed under the laws of California and that actions under the lease should be

---

[4] I note that the clause at issue in *The Bremen* stated merely that "[a]ny dispute arising must be treated before the London Court of Justice" and did not contain the sort of additional explicit consent to jurisdiction that the court in *Global Packaging* found necessary. *The Bremen*, 407 US at 2.

[5] I note that California, like Michigan, nonetheless considers the due process protections of its state constitution to be essentially co-extensive with the protections provided by the federal constitution. See *Today's Fresh Start, Inc v Los Angeles County Office of Ed*, 57 Cal 4th 197, 212; 303 P 3d 1140; 159 Cal Rptr 3d 358 (2013).

brought in Los Angeles County constituted the consent of the parties to California's jurisdiction. Thus, a California trial court or appellate court faced with this issue in the future would have contradictory appellate authorities from which to choose. As an example, in *Paul Ryan Associates v Hawaiiana Painting & Maintenance, Inc*, unpublished opinion of the California Court of Appeal, First District, Division 5, issued April 30, 2013 (Docket No. A136052), the court faced the issue of whether the defendant had consented to personal jurisdiction when it entered into a subcontract that incorporated a term from another contract stating that disputes would be litigated in San Francisco. *Id.*, unpub op at 1. The court thus considered whether to apply *Global Packaging* or *Berard*. *Id.* at 6 ("The language in Paragraph 24.3.3 of the General Contract does not state that anyone is submitting to personal jurisdiction in California; it merely specifies that arbitration or litigation will take place in San Francisco, California. The question therefore arises whether a forum-selection clause alone is sufficient to confer personal jurisdiction over a defendant. Relevant to this question are two California decisions—*Global Packaging, Inc v Superior Court* (2011) 196 Cal. App. 4th 1623 (*Global Packaging*) and *Berard Construction Co v Municipal Court* (1975) 49 Cal App 3d 710 (*Berard*)."). Although that particular court ultimately chose to follow *Global Packaging*, a future court would be not required to do so.[6]

Indeed, several California courts have, post-*Global Packaging*, enforced forum-selection clauses with language very similar to the clause at issue here, and that lack an explicit reference to submission to a particular jurisdiction apart from a statement that disputes will be resolved in a particular forum. See *Karnazes v Expedia, Inc*, unpublished opinion of the California Court of Appeal, issued November 26, 2014 (Docket No. B250142); *Madick Ins Serv v 3 Mark Fin, Inc*, unpublished opinion of the California Court of Appeal, issued March 5, 2014 (Docket No. B249500); *Schine v Prop Sols, Int'l, Inc*, unpublished opinion of the California Court of Appeal, issued January 27, 2014 (Docket No. B240853); *Anosike v Covenant Transp, Inc*, unpublished opinion of the California Court of Appeal, issued May 24, 2013 (Docket No. B238684).

Thus, as the majority acknowledges, a California court could decline to adopt the reasoning of *Global Packaging* in determining whether the parties to the escrow agreement had consented to the jurisdiction of California, just as the *Global Packaging* court declined to adopt the reasoning of *Berard*. *Global Packaging, Inc*, 196 Cal App 4th at 1633 n 10. This conclusion is strengthened by the fact that *Berard* relied on a California Supreme Court case, *Frey & Hogan Corp v Superior Court*, 5 Cal 2d 401; 55 P2d 203 (1936), in holding that agreement to litigate in a particular forum constituted implied consent to the jurisdiction of that forum. Although the *Global Packaging* court appears to give short shrift to cases such as *Frey* (albeit without naming

---

[6] I note that the court in *Paul Ryan* also decided that the subcontract did not incorporate the forum-selection clause of the general contract. Additionally, the court found it relevant that the defendant did not negotiate the forum-selection clause and that no authority had been presented "for the proposition that consent to personal jurisdiction may be established solely by incorporating a forum selection clause from another contract between a different set of parties." In this case, of course, we have at issue a forum-selection clause as part of a negotiated agreement between the parties to the case at hand, not an incorporation from another contract to which defendant was not a party.

-6-

*Frey*), stating in a footnote that "cases pertaining to jurisdiction in arbitrations are inapposite" in light of Cal Civ Proc § 1293,[7] *Global Packaging, Inc*, 196 Cal App 4th at 1633 n 10, I believe that a California court could find substantial support in *Frey* for enforcing the forum-selection clause at issue here.

In *Frey*, 5 Cal 2d at 402-403, the petitioner sought to have the California Supreme Court overturn the Superior Court's denial of its motion to quash service of process related to an arbitration to take place in California under the laws of California, on the ground that the California Court lacked personal jurisdiction over it to compel the arbitration. The California Supreme Court declined, stating that the contract at issue contained a clause selecting a California forum and California law for arbitration, and that "[t]herefore it was an agreement to submit to the jurisdiction within which the arbitration must operate in order to give it the effect contemplated by the contract and by the law." *Id*. at 404-405. This holding with regard to arbitrations was later codified in Cal Civ Proc § 1293. See *Atkins, Kroll & Co v Broadway Lumber Co*, 222 Cal App 2d 646, 651; 35 Cal Rptr 385 (1963). Although there are obvious differences between suits pending in arbitration and in court, here, as in *Frey* and *Berard*, the parties to the agreement agreed to a California forum and California law; a California Court could therefore conclude that the parties had necessarily consented to the personal jurisdiction of a California court.

Additionally, I find *Global Packaging* to be distinguishable from the instant case in several respects. The court in *Global Packaging* was faced with a much more poorly-drafted clause that, among other things, violated California law concerning the selection of venue. *Global Packaging, Inc*, 196 Cal App at 1627, 1628. The court's frustration with the poor drafting at issue was evident:

> A court should not be called upon to function as a backstop for sloppy contract drafting. A judge should not have to spend court time sorting out the meanings and applications of common legal terms—"venue," "forum," and "jurisdiction." Failing to pay attention does and should have consequences. As the court stated, with obvious exasperation, in *General Motors Acceptance Corp v Codiga* (1923) 62 Cal. App. 117, 120, 216 P. 383, "[C]ourts are not inclined to go out of their way, when confronted with an invalid covenant, to search for ways and means of saving perchance something from the wreck and thus placing an interpretation on the contract which the parties never wrote therein."

> The trial court took a clause referring to "venue," translated "venue" into "forum," and then extended "forum" to include personal jurisdiction. This stretches paragraph 11 beyond what its actual words can bear and pulls Epicor out

---

[7] Cal Civ Proc § 1293 states that "[t]he making of an agreement in this State providing for arbitration to be had within this State shall be deemed a consent of the parties thereto to the jurisdiction of the courts of this State to enforce such agreement by the making of any orders provided for in this title and by entering of judgment on an award under the agreement."

of a pit of its own digging. Global Packaging cannot be haled into a California court on that basis. [*Id*. at 1634-18355.]

Thus, the court in *Global Packaging* was faced with a clause that was only a forum-selection clause by implication, and it declined to further rehabilitate the poor drafting so as to imply consent to jurisdiction. *Global Packaging, Inc*, 196 Cal App 4th at 1633 n 10 (stating that it disagreed that "a consent to venue in one county constitutes a consent to personal jurisdiction in California.") Here, by contrast, we have a clear, unambiguous forum-selection clause of the type that, as I have noted, has been enforced both pre- and post-*Global Packaging* in California. Further, we have consent, not to a specific venue in a specific county, but to "the appropriate state or federal court located in California." There is no doubt that the clause at issue here refers to the selection of a forum, not a venue. Finally, unlike the clause in *Global Packaging*, which contained a choice of jurisdictions based on who was suing whom[8] and "the jurisdiction in which the Software is located," here we have a straightforward agreement to resolve all disputes arising from the escrow agreement in the courts (federal or state) of a single state. Thus, many of the problems identified by the court in *Global Packaging* are simply not present with respect to the clause at issue here. For all of these reasons, I believe that a California court could well determine that, despite *Global Packaging*, it possessed jurisdiction over the parties to the escrow agreement by virtue of the forum-selection clause.

Because I would find that neither Cal Code Civ Proc § 410.40 nor *Global Packaging*, together or individually, support finding that a California court necessarily would find that it lacks personal jurisdiction over defendant, I would hold that plaintiff had failed to carry its burden of showing that the selected forum is "unavailable or unable to accomplish" substantial justice, see *Smith, Valentino & Smith, Inc*, 17 Cal 3d at 495–496, and would affirm the trial court on that basis.[9]

### III. MICHIGAN LAW

In finding that Michigan law also supports reversal of the trial court, the majority essentially relies on its finding that a California court would not allow plaintiff to maintain this action. Specifically, the majority holds that MCL 600.745(3)(b) (plaintiff cannot secure effective relief) and (e) (unfair or unreasonable to enforce forum-selection clause for some other reason) favor reversal of the trial court because a California court would lack of personal jurisdiction over defendant. As stated above, I disagree with that conclusion. In the absence of

---

[8] The clause provided in part, "Such venue shall be determined by the choice of the plaintiff bringing the action." *Global Packaging*, 196 Cal App at 1627.

[9] I note that the clause at issue selects the forum as being "the appropriate state or federal court located in California." Federal law governs a federal district court's decision whether to give effect to a parties' forum-selection clause. *Stewart Org, Inc v Ricoh Corp*, 487 US 22, 32; 108 S Ct 2239; 101 L Ed 2d 22 (1988); see also 28 USC 1404. And a federal court (assuming subject matter jurisdiction) would most likely uphold the forum-selection clause as valid under the rule of *The Bremen*, 407 US 1 at18, as I have discussed.

that conclusion, I agree with the majority that there is no reason why Michigan law would not favor the enforcement of the forum-selection clause at issue. Michigan courts "generally enforce contractual forum-selection clauses" assuming that certain conditions, enumerated in MCL 600.745(3)(a)-(e), are not present. *Turcheck v Amerifund Financial, Inc*, 272 Mich App 341, 348; 725 NW2d 684 (2006). In particular, while I agree with the majority that plaintiff has not demonstrated that MCL 600.745(3)(c) applies to the instant action, I would clarify that the majority does not hold, nor did *Turcheck* hold, that MCL 600.745(3)(c) can *never* be applicable in cases involving forum-selection clauses. Rather, as *Turcheck* states, and as the majority references ("nothing happened after the parties entered into the agreement that would render California more inconvenient now than it was when the agreement was made"), the question becomes whether the inconvenience was "within the contemplation of the parties at the time of contracting." *Turcheck*, 272 Mich App at 350. Here, plaintiff's claim that the witnesses and evidence in the instant case are located in California is unavailing, because that is the type of inconvenience that was easily contemplatable at the time the parties entered into the escrow agreement; indeed, it is precisely the type of claim of inconvenience this Court found unavailing in *Turcheck*. *Id*. at 349-350.

For all of these reasons, I would refrain from attempting to divine what a California court would conclude with respect to its own jurisdiction, and would instead affirm the trial court's enforcement of the parties' contractual forum-selection clause, and its order granting defendant's motion for summary disposition.[10]

/s/ Mark T. Boonstra

---

[10] In both its brief on appeal and at oral argument, defendant has stated its intent to add Citywide Lending Group International (a California entity and a party to the underlying escrow agreement) as a party to this action, at least if further proceedings take place in Michigan. While I, like the majority, find a statement of a possible future action by a party to be an insufficient basis to make an appellate ruling, I also would not go as far as does the majority opinion to make a determination whether Citywide is a necessary party under MCR 2.205(A). Although the trial court mentioned in passing that Citywide was an "apparently necessary California entity," that statement, in context, was not a basis for the trial court's holding. I would thus leave for a later time the issue of if, and how, the addition of Citywide as a party (should it occur) might affect the jurisdictional analysis in this case.