OFFERDAHL v SILVERSTEIN

Docket No. 196104. Submitted May 13, 1997, at Marquette. Decided July 8, 1997, at 9:20 A.M.

Eric Offerdahl and Thomas Hoyer brought an action in the Kent Circuit Court against Saul Silverstein, seeking a declaration concerning the rights of the plaintiffs and the rights of the defendant with respect to the defendant's operation of coin-operated laundry equipment in an apartment building that the plaintiffs purchased from an entity that, by written agreement with the defendant, had allowed the defendant to have the equipment in the building. The agreement provided that it "shall be governed by the laws of the State of Illinois with the courts of Cook County having sole and exclusive jurisdiction." The court, Dennis C. Kolenda, J., granted summary disposition for the defendant, ruling that it lacked subject-matter jurisdiction. The plaintiffs appealed.

The Court of Appeals *held*:

The trial court erred in determining that the forum selection provision of the agreement dictated that the threshold question whether the plaintiffs were bound by the agreement can be answered only by an Illinois court. A contractual forum-selection clause, though otherwise valid, may not be enforced against one not bound by the contract. The courts of the state "where the cause of action arose" have jurisdiction to determine the threshold issue whether a party is bound by a contract and any forum selection or choice-of-law provision in the contract.

Order of summary disposition vacated; case remanded.

CONTRACTS — FORUM SELECTION — MICHIGAN COURTS.

The question whether a nonparty to a contract, under which the contracting parties selected a court of a state other than Michigan to have exclusive jurisdiction over disputes concerning the contract, is subject to the contract following a transaction with a contracting party need not be decided only by the specified court but may be decided by a Michigan court of competent jurisdiction.

*Mika, Meyers, Beckett & Jones, P.L.C.* (by *Neil P. Jansen*), for the plaintiffs.

*Doyle Group Attorneys, P.C.* (by *James D. Stone*), for the defendant.

Before: O'CONNELL, P.J., and SAWYER and MARKMAN, JJ.

O'CONNELL, P.J. In this declaratory action, plaintiffs appeal as of right the order of the circuit court granting summary disposition in favor of defendant on the ground that the court lacked subject-matter jurisdiction. MCR 2.116(C)(4). We vacate and remand.

Davna Investments Limited, owner of an apartment building in Grand Rapids, Michigan, entered into an agreement with defendant whereby defendant was permitted to maintain coin-operated laundry equipment in the laundry areas of the apartment building. Paragraph twelve of the agreement provided that "[t]his Agreement shall be governed by the laws of the State of Illinois with the courts of Cook County having sole and exclusive jurisdiction." Plaintiffs purchased the building from Davna Investments and, soon thereafter, filed a declaratory action in the Kent Circuit Court, Michigan, to determine their rights vis-à-vis defendant's rights with respect to the laundry areas of the building.

The circuit court ruled that, because the forum selection clause in the agreement provided that the courts of Cook County, Illinois, had exclusive jurisdiction over disputes pertaining to the contract, it lacked jurisdiction to hear plaintiffs' complaint. Implicit in the circuit court's reasoning was its assumption that only the courts of Cook County had jurisdiction to determine whether plaintiffs were, in fact, subject to the terms of the agreement. Accordingly, the court granted summary disposition in favor

of defendant pursuant to MCR 2.116(C)(4). Plaintiffs now appeal as of right. Our review is de novo. *Steele v Dep't of Corrections*, 215 Mich App 710, 712; 546 NW2d 725 (1996).

As stated in *Jones v State Farm Mut Automobile Ins Co*, 202 Mich App 393, 397; 509 NW2d 829 (1993), "[g]enerally, matters relating to [a] right of action are governed by the laws of the state where the cause of action arose." However, parties may, in general, agree that all causes of action pertaining to a particular matter will be brought in a particular venue, MCL 600.745; MSA 27A.745, or be subject to the law of a particular jurisdiction. *Hardy v Monsanto Enviro-Chem Systems, Inc*, 414 Mich 29, 86, n 60; 323 NW2d 270 (1982); *Chrysler Corp v Skyline Industrial Services, Inc*, 199 Mich App 366, 369-371; 502 NW2d 715 (1993). The former are typically termed forum selection provisions and the latter choice-of-law provisions. See *Banek Inc v Yogurt Ventures USA, Inc*, 6 F3d 357, 360 (CA 6, 1993) (recognizing the distinction between forum selection provisions and choice-of-law provisions under the Franchise Investment Law, MCL 445.1501 *et seq.*; MSA 19.854[1] *et seq.*).

In the instant case, we believe that the circuit court erred in ruling that the forum selection provision set forth in the agreement dictated that the threshold question, that is, whether plaintiffs were bound by the agreement, be answered by an Illinois court. The present situation is analogous to disputes concerning whether a particular party is subject to an arbitration agreement. As stated by our Supreme Court, *Kaleva-Norman-Dickson School Dist No 6, Counties of Manistee, Lake & Mason v Kaleva-Norman-Dickson School Teachers' Ass'n*, 393 Mich 583, 591; 227 NW2d

500 (1975), relying on *United Steelworkers of America v American Mfg Co*, 363 US 564, 568; 80 S Ct 1343; 4 L Ed 2d 1403 (1960), "the question whether a dispute is arbitrable is for a court . . . ." More specifically, a "party cannot be required to arbitrate an issue that he has not agreed to submit to arbitration." *St Clair Prosecutor v AFSCME*, 425 Mich 204, 220-224; 388 NW2d 231 (1986), quoting *Kaleva, supra*, p 587. Thus, in the context of arbitration, the threshold issue is not governed by the terms of the arbitration agreement, which would be a circular proposition, but by the court.

We see no reason why this approach is not equally applicable to contracts bestowing jurisdiction on a particular court. A contractual forum selection clause, though otherwise valid, may not be enforced against one not bound by the contract. See *St Clair Prosecutor, supra*. Just as the courts have jurisdiction to determine the threshold issue whether a party is bound to arbitrate pursuant to an agreement, we believe the courts of the state "where the cause of action arose," *Jones, supra*, p 397, have jurisdiction to determine the threshold issue whether a party is bound by a contract, and, accordingly, any forum selection and choice-of-law provision in the contract.

Here, plaintiffs contended that they were not bound by the agreement of the previous owner of the property. Plaintiffs were not signatories to the contract, and they argued that because the contract in question constituted a license, in contrast to a lease, it was revoked upon conveyance of the underlying property. Thus, before concluding that the present action should have been brought in Illinois, the circuit court should first have determined the threshold question

whether plaintiffs were properly subject to the agreement. The court did not make this determination. Therefore, we vacate the order appealed and remand to allow the court to rule on this issue.

Vacated and remanded. Jurisdiction is not retained.