HELENE N. WHITE, Circuit Judge
(concurring in part).
Because the contract between the litigating parties contains a choice-of-law provision that runs counter to the application of Michigan’s Trust Fund Act, and Michigan courts would honor that choice of law under these circumstances, I agree that the Act does not apply.[1] I write separately because I do not agree that there are insufficient contacts to support application of the Trust Fund Act, and were it not for the contractual choice-of-law provision, I would find that the Trust Fund Act applies.
I agree with the majority that application of the Trust Fund Act extraterritorially to impose a trust upon a payment that would otherwise come within the Act requires that there be certain minimum contacts with Michigan.[2] But it cannot be seriously argued that DynaSteel has insufficient contacts with Michigan to be subject to suit under the Act. DynaSteel’s *618 contract with Consumers to provide duct-work for the Michigan project expressly states that the purchase order shall be deemed a Michigan contract and subject to the laws of Michigan. Although DynaSteel’s contract with PCI has a different choice-of-law clause, this does not change the minimum-contacts analysis. DynaSteel accepted money in payment for duct-work delivered to Michigan for installation on a Michigan job. It certainly could expect to be subject to the Michigan Trust Fund Act. Michigan has an interest in assuring that payments made by Michigan property owners go to the subcontractors whose goods and services are incorporated into Michigan projects. It also has an interest in assuring that out-of-state suppliers are willing to render services and sell materials for Michigan products without fear that they have fewer protections than Michigan suppliers might have or than they may have in their home states. In short, I cannot agree that an out-of-state subcontractor contracting with an out-of-state contractor to supply product for incorporation into a Michigan project has insufficient contacts with Michigan to invoke the Trust Fund Act in relation to the contractor and the project.
That the Trust Fund Act might be properly invoked in such a situation does not, however, preclude a non-Michigan contractor and non-Michigan subcontractor from agreeing that their contract and them performance thereunder will be governed by the case and statutory law of another state. A subcontractor that enters into such a contract forgoes the protection of the Michigan Trust Fund Act unless Michigan has a strong interest in its application.
Under Michigan law, “parties may, in general, agree [in a choice-of-law provision] that all causes of action pertaining to a particular matter will be ... subject to the law of a particular jurisdiction.” Offerdahl v. Silverstein, 224 Mich.App. 417, 569 N.W.2d 834, 835 (1997). “[I]t is undisputed that Michigan’s public policy favors the enforcement of contractual ... choice-of-law provisions.” Turcheck v. Amerifund Fin., Inc., 272 Mich.App. 341, 725 N.W.2d 684, 688 (2006). However, when parties agree to a choice-of-law provision and there is a conflict-of-law dispute, “the approach set forth in the Restatement (Second) of Conflict of Laws” applies. Johnson v. Ventra Grp., Inc., 191 F.3d 732, 738 (6th Cir.1999); see also Banek Inc. v. Yogurt Ventures, U.S.A., Inc., 6 F.3d 357, 361 (6th Cir.1993) (“Michigan has adopted the approach articulated in 1 Restatement (Second) of Conflict of Laws § 187.”); Chrysler Corp. v. Skyline Indus. Servs., Inc., 448 Mich. 113, 528 N.W.2d 698, 703 (1995).
In pertinent part, Section 187(2) of the Restatement states:
(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties’ choice, or
(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.
Restatement (Second) of Conflict of Laws § 187(2) (2013).
*619 As the majority notes in n. 1, Michigan courts would enforce the choice of law provision. Tennessee has a substantial relationship to the parties or transaction— DynaSteel’s principal place of business is in Tennessee, PCI has an office in Tennessee, and the Purchase Order was issued and signed in Tennessee. The next question is whether Michigan has a materially greater interest than Tennessee sufficient to ignore the parties’ choice of Tennessee law. In Skyline, the Michigan Supreme Court addressed a contractual choice-of-law provision declaring Michigan law applicable to a project performed in Illinois:
In determining that Illinois had a materially greater interest, the Court of Appeals focused mostly on the “place of performance” factor of § 188. As the place of performance of the construction work, Illinois has a strong interest in ensuring that the parties conform to its laws. Thus, the Court of Appeals correctly noted that Illinois would have great interest in deterring specific construction practices; however, the question is whether Illinois has a materially greater interest than Michigan sufficient to ignore the parties’ choice of Michigan law. It is questionable whether Illinois has a greater interest in reaching into the contractual arrangements of out-of-state companies when those companies have negotiated an agreement in their own state concerning the relative liability obligations between them.
Skyline, 528 N.W.2d at 704. This is a strong indication that Michigan courts would honor the parties’ choice of Tennessee law.
The majority correctly holds that the Trust Fund Act operates without regard to contractual provisions. There can be a breach of the Act without a breach of contract other than nonpayment. And, the Trust Fund Act applies even where the contract does not so provide. It is a separate question, however, whether Michigan law applies in a given situation. If it does apply, the Trust Fund Act operates separate and apart from the parties’ contract. But if the Act does not apply because of a valid choice-of-law provision, then the scope of its application is irrelevant.
In sum, I agree that the Trust Fund Act does not apply. I come to this conclusion because DynaSteel and PCI agreed that Tennessee case and statutory law would govern their performance under the contract. I do not agree that there are insufficient contacts to support application of the Trust Fund Act; were it not for the choice-of-law provision, I would apply the Act.

. I agree with the majority that the Purchase Order and the November Payment Plan Proposal must be construed together "as part of the total accord," under Nib Poods, Inc. v. Matty, 70 Mich.App. 553, 246 N.W.2d 317, 321 (1976); and therefore the choice-of-law provision is part of the total agreement.

. It is unclear whether the majority comes to this conclusion based on a constitutional/minimum-contacts analysis, or as a matter of statutory interpretation of the Act.