# STATE OF MICHIGAN

# COURT OF APPEALS

RIETH-RILEY CONSTRUCTION CO., INC,

       Plaintiff-Appellant,

v

ECOPATH CONTRACTING LLC,

       Defendant-Appellee.

UNPUBLISHED
June 9, 2015

No. 321562
Eaton Circuit Court
LC No. 13-001438-CK

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

In this contract related dispute, plaintiff appeals as of right the trial court order granting summary disposition to defendant based on the application of a forum-selection clause in the parties' contract. Because the trial court erred by concluding that the clause prohibited plaintiff from filing suit in Michigan, we reverse and remand for further proceedings.

Plaintiff is an Indiana corporation and defendant is an Arizona limited liability company. Both companies conduct business in Michigan. In July of 2014, plaintiff and defendant entered into a written contract relating to defendant's provision of "Asphalt Rubber Blending Services" to plaintiff for purposes of plaintiff's completion of a project for the Michigan Department of Transportation. The contract incorporated by reference "ECOPATH Terms and Conditions," including a provision selecting Arizona law and granting Arizona state and federal courts jurisdiction over the parties' disputes.

After defendant failed to perform under the contract, plaintiff filed suit in Michigan. Plaintiff alleged that defendant repudiated the contract by refusing to perform the work in question and by advising plaintiff to find another company to provide the needed asphalt-rubber blend. In response, defendant moved for summary disposition based on the assertion that plaintiff could not file suit in Michigan due to the forum-selection clause in the parties' contract. The trial court granted defendant's motion, finding that the parties had contracted for a forum-selection clause choosing Arizona state and federal courts, and that, consequently, MCL 600.745(3) required dismissal of plaintiff's suit. Plaintiff now appeals as of right.

We review de novo a trial court's decision to grant a motion for summary disposition. *Robert A Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 474; 760 NW2d 526 (2008). We also review de novo issues involving statutory construction and contract interpretation. *Klida v Braman*, 278 Mich App 60, 62; 748 NW2d 244 (2008). When summary

-1-

disposition is sought based on "an agreement . . . to litigate in a different forum," the motion is properly brought under MCR 2.116(C)(7). Under MCR 2.116(C)(7), the party moving for summary disposition has the option of supporting the motion with documentary evidence, including affidavits, depositions, and admissions. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). The contents of the complaint are accepted as true unless contradicted by documentation submitted by the moving party. *Id.*

On appeal, plaintiff contends that the trial court erred by dismissing this action based on application of the forum-selection clause because defendant repudiated the contract in its entirety and this repudiation rendered the entire contract, including the forum-selection clause, void. In contrast, while not conceding that it repudiated the agreement, defendant claims that, even if the contract was repudiated, the forum-selection clause remains valid and enforceable because it is severable from the remainder of the agreement. We need not resolve the parties' dispute concerning the effect of defendant's alleged repudiation because it is clear that the clause in question did not prohibit plaintiff from filing suit in Michigan and, consequently, the trial court erred by dismissing plaintiff's suit under MCL 600.745(3).

Specifically, as noted, the trial court in this case determined that MCL 600.745(3) required dismissal of plaintiff's suit because the parties had contracted for a forum-selection clause naming Arizona state and federal courts as the parties' chosen forum. A close reading of the contract provision in question does not support this conclusion, however, because it is clear that the clause does not grant Arizona state and federal courts *exclusive* jurisdiction over the parties' disputes. That is, by its plain terms, unless certain exceptions apply, MCL 600.745(3) requires dismissal of an action on forum-selection grounds "[i]f the parties agreed in writing that an action on a controversy shall be brought *only* in another state and it is brought in a court of this state . . . ." (Emphasis added). In other words, a forum-selection clause does not divest Michigan of personal jurisdiction; rather, a forum-selection clause is simply a contractual agreement between the parties and dismissal of a lawsuit otherwise properly filed in Michigan is required only when the parties evinced an "intent to forgo personal jurisdiction in Michigan and [to] consent to *exclusive* jurisdiction in another forum." *Turcheck v Amerifund Fin, Inc*, 272 Mich App 341, 344; 725 NW2d 684 (2006) (emphasis in original). See also *Robert A Hansen Family Trust*, 279 Mich App at 476-477.

In this case, the particular clause at issue grants jurisdiction to Arizona state and federal courts, but it does not make this jurisdiction exclusive and it does not evince an intent to forgo Michigan's personal jurisdiction. The clause states:

> Section 11. **CHOICE OF LAW; JURISDICTION**: The substantive laws of the State of Arizona shall control the interpretation and the performance of this Service Agreement and any other agreements arising out of or relating to it, regardless of where this Service Agreement is entered into or performed and regardless of any choice-of-law principles that might otherwise require the application of the laws of another jurisdiction. *Buyer and Seller each hereby irrevocably submits to the personal jurisdiction of the federal and state courts sitting in Arizona with respect to any and all claims that either party hereto may assert against the other arising out of or relating to this Service Agreement and*

*each party hereto waives any defense to the exercise of such jurisdiction based on venue or <u>forum non conveniens</u> defenses.* [Italics added.]

Plainly read, undoubtedly this provision would have permitted plaintiff, or defendant, to file suit in Arizona state courts or Arizona federal courts with respect to any and all claims relating to their agreement. Had suit been filed in Arizona state or federal courts, under this clause, the defending party could not have raised any defense to the exercise of such jurisdiction.

But, while granting jurisdiction to Arizona state and federal courts, nowhere in this provision did the parties express a desire to make that grant of jurisdiction exclusive and to forgo personal jurisdiction in Michigan. For example, the parties did not use any restrictive language such as "exclusive," "sole," or "only" to make plain their intent to select an exclusive forum, they also did not include mandatory language to specify that any litigation "shall" or "must" be brought in Arizona state or federal courts, and they did not otherwise convey an intent to prohibit litigation in Michigan or another appropriate forum. Cf. *Robert A Hansen Family Trust*, 279 Mich App at 471 nn 3 & 4 (considering contract provisions that provided Arizona and Delaware with "sole and exclusive jurisdiction," "to the exclusion of all other courts, forums and venues whatsoever"); *Turcheck*, 272 Mich App at 342 (applying clause that gave Washington "exclusive jurisdiction" over disputes); *Offerdahl v Silverstein*, 224 Mich App 417, 418; 569 NW2d 834 (1997) (involving contract clause granting Illinois "sole and exclusive jurisdiction"). The parties to a contract "must live by the words of their agreement," *Harbor Park Mkt, Inc v Gronda*, 277 Mich App 126, 131; 743 NW2d 585 (2007), and we will not read additional words into the plain language of a contract, *Northline Excavating, Inc v Livingston Co*, 302 Mich App 621, 628; 839 NW2d 693 (2013). Consequently, in the absence of language indicating that the parties intended for the grant of jurisdiction to be exclusive to Arizona state and federal courts, we conclude that the plain language of the clause at issue permits the parties to pursue litigation in Arizona state and federal courts, but it does not mandate that any litigation between the parties must be filed in Arizona state or federal courts, and thus this provision does not prevent the parties from filing suit in Michigan. Because the clause did not prevent plaintiff from filing suit in Michigan, the trial court erred by dismissing the case under MCL 600.745(3).

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray