*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN BARSHAW,

Plaintiff-Appellant,

v

ALLEGHENY PERFORMANCE
PLASTICS, LLC,

Defendant-Appellee.

FOR PUBLICATION
November 24, 2020
9:05 a.m.

No. 350279
Macomb Circuit Court
LC No. 2019-000330-CZ

Before: BOONSTRA, P.J., and CAVANAGH and BORRELLO, JJ.

BORRELLO, J.

In this matter, the trial court was asked to interpret an employment agreement that contained a choice of law clause and a forum-selection clause. The trial court concluded that because Pennsylvania law controlled the issue of whether the forum-selection clause was permissive or mandatory, the parties' contract evidenced the parties' agreement to litigate such a claim in Pennsylvania rather than Michigan. On the basis of this conclusion, the trial court dismissed plaintiff's action which he appeals by leave granted.[1] For the reasons set forth in this opinion, we reverse and remand to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

The parties do not dispute that defendant is a Pennsylvania company, that plaintiff lives in Michigan, and that plaintiff was defendant's employee. In 2018, plaintiff's employment was terminated. As part of the termination process, the parties entered into a separation agreement that contained the following provision:

---

[1] *Barshaw v Allegheny Performance Plastics LLC*, unpublished order of the Court of Appeals, entered November 27, 2019 (Docket No. 350279).

**Governing Law; Jurisdiction.** This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Pennsylvania, and the parties hereby confer jurisdiction upon the courts of any jurisdiction within the State of Pennsylvania to determine any dispute arising out of or related to this Agreement, or the breach thereof.

Plaintiff filed the instant lawsuit in Macomb County, Michigan, alleging in relevant part[2] that defendant had breached the separation agreement.[3] In his complaint, plaintiff also alleged that he had performed his duties as defendant's employee within Michigan and that defendant did business in Michigan.

Defendant argued in its motion for summary disposition that plaintiff's breach-of-contract claim should be dismissed because the contract's forum-selection clause required plaintiff to pursue this claim in a Pennsylvania forum. Plaintiff argued in response that Michigan was a proper forum because the forum-selection clause did not state that Pennsylvania was the only proper forum or otherwise indicate that jurisdiction was limited exclusively to Pennsylvania.

The trial court dismissed plaintiff's breach-of-contract claim based on the forum-selection clause. The trial court concluded that under Michigan law, the forum-selection clause was unambiguously permissive in nature, rather than mandatory. The trial court reasoned that Michigan law therefore did not require dismissal of the claim. However, the trial court concluded that the result would be different under Pennsylvania law and that the conflict should be resolved by following Pennsylvania law because of the choice-of-law provision that was also contained in the parties' separation agreement. The trial court determined that the forum-selection clause was enforceable under Pennsylvania law and granted defendant's summary disposition motion with respect to plaintiff's breach-of-contract claim.

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008). In this case, the trial court did not explicitly state which subrule of MCR 2.116 it relied on in dismissing plaintiff's breach-of-contract claim. However, dismissal is appropriate under MCR 2.116(C)(7) when there is "an agreement to arbitrate or to litigate in a different forum." This Court has also stated that dismissal "on the basis of the existence of a valid forum-selection clause falls under MCR 2.116(C)(8), because pursuant to MCL 600.745(3),[4] plaintiff's complaint fails to state a claim

---

[2] In addition to asserting a breach-of-contract claim, plaintiff also alleged that defendant violated the Bullard-Plawecki Employee Right to Know Act (BPERKA), MCL 423.501 *et seq*. The trial court denied defendant's motion for summary disposition with respect to plaintiff's BPERKA claim in the same order that it dismissed plaintiff's breach-of-contract claim and from which plaintiff now appeals. No issues concerning plaintiff's BPERKA claim are before this Court.

[3] The specific underlying allegations of this claim are not relevant to the issue presented in this appeal.

[4] This statutory provision is quoted and discussed later in this opinion.

upon which the courts of this state are permitted to grant relief." *Robert A. Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 477 n 6; 760 NW2d 526 (2008).

Furthermore, "a trial court's dismissal of an action pursuant to a contractual forum-selection clause is properly reviewed on appeal under a de novo standard." *Turcheck v Amerifund Fin, Inc*, 272 Mich App 341, 345; 725 NW2d 684 (2006). To the extent our analysis requires the interpretation of contractual and statutory language, our review is also de novo. *Id*. ("The legal effect of a contractual clause is a question of law that we review de novo."); *Allen*, 281 Mich App at 52 ("The proper interpretation of statutes is also a question of law reviewed de novo on appeal.").

### III. ANALYSIS

"[A] dismissal based on a forum-selection clause necessarily requires interpretation and application of contractual language." *Turcheck*, 272 Mich App at 345. Thus, we begin our analysis by examination of the core principles of contract interpretation:

> In interpreting a contract, our obligation is to determine the intent of the contracting parties. If the language of the contract is unambiguous, we construe and enforce the contract as written. Thus, an unambiguous contractual provision is reflective of the parties' intent as a matter of law. Once discerned, the intent of the parties will be enforced unless it is contrary to public policy. [*Id*., quoting *Quality Products & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003) (quotation marks omitted).]

We have previously instructed that when presented with a contractual forum-selection clause, a court's first step is to "determine the threshold issue whether a party is bound by a contract, and, accordingly, any forum selection and choice-of-law provision in the contract."[5] *Turcheck*, 272 Mich App at 346 n 2 (quotation marks and citation omitted). When the action has been filed in Michigan, "Michigan courts have the initial jurisdiction" to make this determination. *Id*. "A contractual forum selection clause, though otherwise valid, may not be enforced against one not bound by the contract." *Offerdahl v Silverstein*, 224 Mich App 417, 420; 569 NW2d 834 (1997).

In general, Michigan courts enforce forum-selection clauses, *Turcheck*, 272 Mich App at 348, and "Michigan's public policy favors the enforcement of contractual forum-selection clauses and choice-of-law provisions," *id*. at 345. The approach to enforcing contractual forum-selection clauses similar to the clause at issue here is grounded in MCL 600.745(3), which provides:

> (3) If the parties agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless any of the following occur:
>
> (a) The court is required by statute to entertain the action.

---

[5] Here, both parties concede they are bound by the contract.

(b) The plaintiff cannot secure effective relief in the other state for reasons other than delay in bringing the action.

(c) The other state would be a substantially less convenient place for the trial of the action than this state.

(d) The agreement as to the place of the action is obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.

(e) It would for some other reason be unfair or unreasonable to enforce the agreement.

If none of the exceptions listed in Subdivisions (a)-(e) apply, then Michigan courts will enforce the parties' contractual forum-selection clause as written pursuant to MCL 600.745(3). *Turcheck*, 272 Mich App at 345-346, 348.

However, the analysis becomes "more complicated" when, as here, "a single agreement contains both a forum-selection clause and a choice-of-law provision." *Id*. at 346. We explained in *Turcheck*:

When a party to such an agreement sues in a state that is not designated by either the forum-selection clause or the choice-of-law provision, it becomes necessary to determine which state's law will govern the enforceability of the forum-selection clause itself. In other words, the trial court where the action is filed must decide whether to determine the enforceability of the forum-selection clause by applying its own law, or by applying the law designated in the choice-of-law provision. [*Id*.]

In *Turcheck*, we also noted that "Michigan courts have never squarely addressed whether the enforceability of a contractual forum-selection clause should be governed by the law of the state where the action was filed or, in the alternative, the law selected by the parties in the choice-of-law provision." *Id*. at 347 n 3. We further observed that there were examples of jurisdictions following each approach and we explained the rationale for each view. *Id*. at 347 & n 3.

Regarding the first approach, we stated: "[C]ertain jurisdictions follow the rule that a contract's forum-selection clause is to be read independently of the choice-of-law provision, and that the validity of the forum-selection clause will always be determined according to the law of the jurisdiction where the action was filed. This rule is based on the notion that because choice-of-law provisions only require application of the chosen state's *substantive* law, the state where the action was filed remains free to apply its own law on matters of *procedure*, including the question whether the forum-selection clause is valid in the first place." *Id*. at 347 (collecting cases). With respect to the second approach, we stated: "Many jurisdictions follow the rule that, provided the choice-of-law provision is enforceable under the law of the state where the action was filed, the law selected in the choice-of-law provision will govern the applicability or enforceability of the forum-selection clause. The rationale for this view is that the parties contracted for the law of a specific jurisdiction, and therefore the law of the state where the action was filed should not be applied to displace the contractually chosen law." *Id*. at 347 n 3 (collecting cases).

We left open in *Turcheck* the question of which approach to follow in Michigan because we determined in that case that the forum-selection clause at issue, which designated a forum in the state of Washington, was "equally enforceable" under the law of the forum where the action was filed (Michigan) and the law of the forum designated in the choice-of-law provision (Washington). *Id*. at 342, 346, 348. In *Hansen Family Trust*, 279 Mich App at 479 n 9, this Court again found it unnecessary to resolve this question because, as in *Turcheck*, we concluded that the forum-selection clause was equally enforceable under the law of each of the implicated forums.

Addressing the question of whether a contractual forum-selection clause should be governed by the law of the state where the action was filed or, in the alternative, the law selected by the parties in the choice-of-law provision, we initially note that such question does not concern the underlying merits of the lawsuit and will only impact *where* the action is litigated. In this respect, dismissing an action based on the enforcement of a contractual forum-selection clause is analogous to dismissing an action under the doctrine of forum non conveniens. See *Sinochem Int'l Co Ltd v Malaysia Int'l Shipping Corp*, 549 US 422, 432; 127 S Ct 1184; 167 L Ed 2d 15 (2007) (stating that a dismissal on forum non conveniens grounds "den[ies] audience to a case on the merits" and "is a determination that the merits should be adjudicated elsewhere") (quotation marks and citation omitted; alteration in original).

The two concepts are also fundamentally similar in another crucially important respect: Both involve situations where the court in which the action was filed decides to refrain from exercising jurisdiction to adjudicate the merits of the action, instead allowing the merits of the action to be resolved in a different forum, even though the court in which the action was originally filed has not been divested of its jurisdiction. See *Turcheck*, 272 Mich App at 344, 345 (stating that Michigan courts generally enforce contractual forum-selection clauses as written and that "[a]lthough a valid forum-selection clause does not *divest* the Michigan courts of personal jurisdiction over the parties, it evinces the parties' intent to forgo personal jurisdiction in Michigan and consent to *exclusive* jurisdiction in another forum"); *Radeljak v Daimlerchrysler Corp*, 475 Mich 598, 604; 719 NW2d 40 (2006) ("[A] court may refuse to hear a case on the basis of the doctrine of forum non conveniens even though it otherwise may have jurisdiction."); *Sinochem*, 549 US at 429 (characterizing the doctrine of forum non conveniens "as, essentially, 'a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined' ") (citation omitted).

The United States Supreme Court has further described a forum non conveniens determination as a "threshold, nonmerits issue" that a court may resolve before addressing other threshold issues, such as subject-matter and personal jurisdiction, if "considerations of convenience, fairness, and judicial economy so warrant" and make a "foreign tribunal . . . plainly the more suitable arbiter of the merits of the case." *Sinochem*, 549 US at 425, 432-433. The enforcement of a forum-selection clause has also been referred to as a "threshold" issue. See *M/S Bremen v Zapata Off-Shore Co*, 407 US 1, 12; 92 S Ct 1907; 32 L Ed 2d 513 (1972) ("The threshold question is whether that court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause.").

Our Supreme Court and the United States Supreme Court have similarly described the fundamental aims of the doctrine of forum non conveniens. Compare *Radeljak*, 475 Mich at 604-605 (defining forum non conveniens as "the discretionary power of court to decline jurisdiction when convenience of parties and ends of justice would be better served if action were brought and tried in another forum" and further stating that "[t]he ultimate inquiry is where trial will best serve the convenience of the parties [and the ends] of justice") (quotation marks and citations omitted; last alteration in original), with *Sinochem*, 549 US at 429 ("A federal court has discretion to dismiss a case on the ground of *forum non conveniens* when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems. Dismissal for *forum non conveniens* reflects a court's assessment of a range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.") (quotation marks and citations omitted; alterations and ellipses in original).

Thus, the question to be answered by a court considering whether to dismiss an action pursuant to a contractual forum-selection clause is similar to the question facing a court considering whether to dismiss an action under the doctrine of forum non conveniens; namely, whether there is a sufficient reason that the action should be litigated in another forum rather than the one in which the plaintiff filed the action.[6] The difference between the two scenarios is that a dismissal on forum non conveniens grounds is based on concepts related to convenience, the ends of justice, court administration, and other relevant considerations, see *Radeljak*, 475 Mich at 604-605; *Sinochem*, 549 US at 429, whereas a dismissal pursuant to a forum-selection clause is based on honoring the contractual agreement reached between the parties, see *Turcheck*, 272 Mich App at 345-346 (recognizing that the enforcement of forum-selection clauses is grounded on their "contractual nature," favorability under Michigan public policy, and statutory authority present in MCL 600.745(3)); *M/S Bremen*, 407 US at 11-12 (stating that parties may contractually agree in advance on a neutral forum for resolving disputes that may arise and that the parties' choice of

---

[6] We note that although actions in federal court entail additional procedural issues not relevant to the issues before us, the United States Supreme Court essentially treats forum-selection clause issues under the general umbrella of forum non conveniens. See *Atlantic Marine Constr Co, Inc v US Dist Court for Western Dist of Texas*, 571 US 49, 60; 134 S Ct 568; 187 L Ed 2d 487 (2013) ("[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*. [28 USC] 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer."); *id.* at 62 ("When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied.").

forum "in an arm's-length negotiation" should, "absent some compelling and countervailing reason[,] . . . be honored by the parties and enforced by the courts").

However, this distinction is not a substantial one: the United States Supreme Court in comparing these two concepts has stated that generally, " 'the interest of justice' is served by holding parties to their bargain" when those parties have "contracted in advance to litigate disputes in a particular forum." *Atlantic Marine Constr Co, Inc v US Dist Court for Western Dist of Texas*, 571 US 49, 66; 134 S Ct 568; 187 L Ed 2d 487 (2013). Moreover, a forum-selection clause can be understood as the embodiment of the parties' negotiation for the most convenient or best forum. See *M/S Bremen*, 407 US at 15 (concluding that the parties' forum-selection clause "expressly resolved" the issue of the most convenient forum); *Atlantic Marine*, 571 US at 63 (noting that a contractual forum-selection clause "represents the parties' agreement as to the most proper forum") (quotation marks and citation omitted).

Our Supreme Court has applied Michigan law in making a forum non conveniens determination, while also looking to federal law for guidance. See *Radeljak*, 475 Mich at 605-617. Because of the similarities between the operation of a forum-selection clause and the doctrine of forum non conveniens in both effect and underlying purposes, we hold that analyzing the validity and effect of a forum-selection clause is also a threshold, nonmerits issue that the Michigan court in which the action has been filed may address first before considering other threshold issues. Hence, in the absence of certain factors not germane to this appeal, a forum-selection clause may be considered separately from any choice-of-law provision that may also be in the contract, and in such cases, the Michigan court in which the action has been filed, shall apply Michigan law in determining the effect of the forum-selection clause.

This conclusion is in accord with this Court's prior observation that in MCL 600.745(3), "[t]he Michigan Legislature has elected to honor the parties' contractual choice of forum, in the absence of certain factors, by requiring Michigan courts to dismiss, or stay, actions in which it is demonstrated that the parties have agreed that a forum other than Michigan shall be the exclusive forum for resolution of their disputes." *Hansen Family Trust*, 279 Mich App at 476.

We are also guided by the following concerns expressed by the Florida Third District Court of Appeal[7] on the precise issue before us, i.e., which forum's law to apply in determining the validity and enforceability of a forum-selection clause when the contract also contains a choice of law clause and the action has been filed in a forum other than what was named in the forum-selection and choice of law provisions:

> As the current case illustrates, commercial contracts frequently include both a forum selection provision and a choice of law provision, often in the same sentence or paragraph. If we were to adopt [the appellee's] position [that the choice-of-law provision provided the governing law], Florida courts would be required to apply the law of the forum to determine the validity of a choice of law clause, while

---

[7] "Although this Court is not bound by decisions of federal courts or courts of other states, we may consider them persuasive." *Bank of America, NA v Fid Nat'l Title Ins Co*, 316 Mich App 480, 496 n 2; 892 NW2d 467 (2016).

applying the law of a different jurisdiction to determine the validity of a forum selection clause.

Such a procedure would often result in divergent outcomes and would require our already overburdened trial courts to engage in the complicated task of interpreting and applying the law of a foreign jurisdiction. [*Fendi Srl v Condotti Shops, Inc*, 754 So 2d 755, 759 (Fla App, 2000)

The *Fendi* Court stated the rule that in Florida, the validity of a contractual forum-selection clause is determined under Florida law and without reference to any accompanying choice of law provision because the question of a forum-selection clause's validity is a procedural matter. *Id*. at 757-759.

We share the concerns[8] expressed in *Fendi* and accordingly find that our conclusion to apply Michigan law under the circumstances presented in this case—thus employing the same approach taken by the *Fendi* court—adequately addresses these problems.

The next question to address is whether the forum-selection clause is permissive or mandatory. We begin our analysis by returning to the relevant statutory language in MCL 600.745(3), which provides that "[i]f the parties agreed in writing that an action on a controversy *shall be brought only in another state* and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless any of the [circumstances in Subdivisions (a)-(e)] occur." When interpreting statutes, we give effect to unambiguous statutory language as written. *Gleason v Kincaid*, 323 Mich App 308, 317-318; 917 NW2d 685 (2018). MCL 600.745(3) plainly indicates that when an action is filed in a Michigan court, the court is required to consider dismissing or staying the action if the parties agreed in writing that any such action was required to be brought *only* in another state. Thus, the statute requires that there was an agreement to litigate *exclusively* in another state before a Michigan court is required to dismiss the action on the basis of a forum-selection clause.

We find the reasoning provided by Florida courts when considering the question of whether a forum-selection clause is "permissive or mandatory" to be in line with our statutory mandate. In *Golden Palm Hospitality, Inc v Stearns Bank Nat'l Ass'n*, 874 So 2d 1231, 1236 (Fla App, 2004), the court stated:

"[M]andatory jurisdiction clauses in contracts . . . require that a particular forum be the exclusive jurisdiction for litigation concerning the contract . . . ." "As a general principle, a trial court must honor a mandatory forum selection clause in a contract in the absence of a showing that the clause is unreasonable or unjust." "[P]ermissive forum clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in other

---

[8] See *Turcheck*, 272 Mich App at 347 n 3 (explaining that other jurisdictions follow the approach that, "*provided the choice-of-law provision is enforceable under the law of the state where the action was filed*, the law selected in the choice-of-law provision will govern the applicability or enforceability of the forum-selection clause") (emphasis added).

forums." Hence, "[a] permissive forum selection clause may provide an alternative to the statutory choices of venue but it does not require the plaintiff to file the suit in the forum referred to in the agreement." [*Id.* (citations omitted; alterations and ellipses in original).]

The court continued by explaining how to determine whether a forum-selection clause was permissive or mandatory:

> Recognizing the clear distinctions between mandatory and permissive forum selection clauses, this court delineated a general test to determine which type of clause is contained in a written instrument. Under this test, the court must examine the language of the clause for words of exclusivity. Absent such language, the clause will be considered permissive. [*Shoppes Ltd Partnership v Conn*, 829 So 2d 356, 358 (Fla App, 2002)] (holding that "a classic permissive forum selection clause doing nothing more than consenting to jurisdiction . . . but not excluding jurisdiction in another forum" is not mandatory); see also *World Vacation Travel, SA, de CV v Brooker*, 799 So 2d 410, 412 [(Fla App, 2001)] ("[A]ny clause which submits parties to the laws in force and the competent courts of a specific forum and simultaneously waives any other territorial jurisdiction can only be deemed mandatory.") (citation omitted) . . . . [*Golden Palm Hospitality*, 874 So 2d at 1236 (first ellipsis and third alteration in original).]

We find this analysis persuasive and adopt it as our own.[9] Moreover, such analysis is consistent with the manner in which this Court has referred to similar forum-selection clauses. See *Turcheck*, 272 Mich App at 344 ("Although a valid forum-selection clause does not *divest* the Michigan courts of personal jurisdiction over the parties, it evinces the parties' intent to forgo personal jurisdiction in Michigan and consent to *exclusive* jurisdiction in another forum."); *id.* at 345 ("[A]ssuming that certain [statutory] exceptions do not apply, Michigan courts will enforce an *express* forum-selection clause as written.") (emphasis added); *Hansen Family Trust*, 279 Mich App at 476 ("The Michigan Legislature has elected to honor the parties' contractual choice of forum, in the absence of certain factors, by requiring Michigan courts to dismiss, or stay, actions in which it is demonstrated that the parties have agreed that a forum other than Michigan shall be the *exclusive forum* for resolution of their disputes. MCL 600.745(3).") (emphasis added). The test enunciated by the court in *Golden Palm Hospitality* is also consistent with the approach employed in a prior unpublished decision of our Court[10] holding as follows:

> Consequently, in the absence of language indicating that the parties intended for the grant of jurisdiction to be exclusive to Arizona state and federal courts, we conclude that the plain language of the clause at issue permits the parties to pursue litigation in Arizona state and federal courts, but it does not mandate that any

---

[9] *Bank of America, NA*, 316 Mich App at 496 n 2.

[10] Unpublished opinions of this Court may be considered for their instructive or persuasive value, although they are not binding precedent. *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

litigation between the parties must be filed in Arizona state or federal courts, and thus this provision does not prevent the parties from filing suit in Michigan. Because the clause did not prevent plaintiff from filing suit in Michigan, the trial court erred by dismissing the case under MCL 600.745(3). [*Rieth Riley Constr Co, Inc v Ecopath Contracting LLC*, unpublished per curiam opinion of the Court of Appeals, issued June 9, 2015 (Docket No. 321562), p 3.]

Applying this test to the forum-selection clause at issue in this case, we return to the pertinent language of the contract which states:

**<u>Governing Law; Jurisdiction.</u>** This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Pennsylvania, and the parties hereby confer jurisdiction upon the courts of any jurisdiction within the State of Pennsylvania to determine any dispute arising out of or related to this Agreement, or the breach thereof.

There is nothing in this clause evidencing an intent by the parties to forgo the personal jurisdiction of all forums other than those within the state of Pennsylvania. As such, we cannot infer from the language that the parties agreed that Pennsylvania would be the sole forum in which they could litigate disputes to the exclusion of all other forums. We base our conclusion, in part, by noting that in contrast to the forum-selection clause, in the choice-of-law provision, the contract employs the word "shall," evidencing that the parties understood how to use mandating language.[11] Conversely, the conscious lack of the same mandating language in the forum-selection clause leads us to conclude that the clause was intended by the parties to be permissive. See, *Golden Palm Hospitality,* 874 So 2d at 1236.

We therefore conclude that the forum-selection clause is permissive under Michigan law. Because the forum-selection clause was permissive and provided that Pennsylvania was one potential appropriate forum without excluding the use of other appropriate forums, the parties' forum-selection clause did not prohibit plaintiff from filing this action in a Michigan court and the trial court therefore was not required to dismiss this case under MCL 600.745(3). Accordingly, we reverse the trial court's order dismissing plaintiff's contract claim based on the forum-selection clause and remand this matter for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction. This being a case of first impression, no costs are awarded. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh

---

[11] Given the mandatory language in the choice-of-law provision, on remand, the trial court shall apply Pennsylvania law.

-10-